[Crim. No. 209.   Fourth Appellate District.—March 12, 1931.]

THE PEOPLE, Respondent, v. JUAN RAMIREZ, Appellant.

Harry W. Horton for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

LAMBERSON, J., *pro tem.*—Motion to dismiss an appeal upon the ground that the appellant has not complied with the requirements of section 7 of rule II of the Rules of the Judicial Council promulgated for the Supreme Court and District Courts of Appeal, which provides as follows: "Upon an appeal by the defendant from a judgment of conviction or from an order denying his motion for a new trial, or from an order made after judgment, or upon an appeal by the People from an order granting a new trial, or from an order setting aside an indictment, information or accusation, or from an order made after judgment, the appellant must, within five days after giving notice of the appeal, file with the clerk and present an application to the trial court, stating in general terms the grounds of the appeal and the points upon which the appellant relies, and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon. If such application is not filed within said time, the appeal shall be dismissed; provided, that the appeal shall not be dismissed for any defect in the statement of such grounds or points which does not affect the substantial rights of the respondent."

Judgment was pronounced October 25, 1930, and appellant on the same day gave oral notice of appeal. The record

contained in the transcripts before the court fails to disclose that appellant filed any application to the trial court for a transcription of the phonographic reporter's notes, or a statement in general terms of the grounds of the appeal, or the points upon which the appellant relies, or what portion of the phonographic reporter's notes it would be necessary to have transcribed.

In opposition to the motion to dismiss the appellant makes an affirmative showing by affidavits that within five days after giving oral notice of appeal appellant's attorney prepared an application for transcript on appeal and a statement of the points upon which appellant would rely upon appeal and designated the portions of the reporter's notes that the defendant desired to have transcribed as the record upon appeal, and also prepared and caused to be signed by the judge of the trial court an order for the transcription of the record upon appeal; that immediately upon the signing of said order by the judge of the trial court, affiant forthwith deposited said papers with and delivered them to the clerk of said trial court at his desk in the courtroom of said trial court for filing, and also for the purpose of advising the court reporter of the making of the order for said transcribing. The order in which these papers were presented is not important. The affidavit of the attorney for appellant further states that upon receipt of the People's motion for dismissal, he investigated the record in the office of the county clerk to ascertain the whereabouts of the original papers, but has been unable to find them among the files of the office of the county clerk and that he was informed that the papers had been turned over to the phonographic reporter who had reported the case and that the same had been either mislaid or destroyed.

The affidavit of the phonographic reporter states that immediately after the giving of the oral notice of appeal he received a request for transcribing the proceedings, specifications of points to be relied upon and the order of the court ordering the transcribing of the record upon appeal; that he definitely remembers receiving said papers on or about October 28, 1930, but finds that he has either mislaid or lost said record. The affidavit of the trial judge states that on the twenty-eighth day of October, 1930, the attorney for appellant prepared and presented to the trial judge for his signa-

ture a request for the preparation of transcript on appeal, a statement of points to be relied upon by appellant on appeal, together with an order for transcribing the record and that said judge signed said order on said date.

In opposition to the affirmative showing made by the affidavits referred to, the respondent has filed the affidavit of the county clerk, to which there is attached a transcript of the register of actions, from which transcript it appears that the papers referred to were not entered upon the register of actions as filed, and the county clerk states in his affidavit that the transcript is a complete list of all papers filed in his office.

In numerous cases it has been held that a dismissal is mandatory when the appellant has failed to comply with the provisions of the rule cited above. (*People* v. *Davis*, 103 Cal. App. 318 [284 Pac. 516] ; *People* v. *Riga*, 104 Cal. App. 477 [285 Pac. 1069].)

A filing of papers is accomplished by depositing with the proper officer at his office or at any place at which he is called upon to perform his duties, the paper which is to be filed. Very frequently, and as a matter of common practice, papers are filed with the clerk in the courtroom or in the judge's chambers, as well as at the principal office of the county clerk.

The county clerk is *ex-officio* clerk of the superior court (Pol. Code, sec. 4152). It is his duty to take charge of and safely keep all papers and records which may be filed or deposited in his office, and also to act as clerk of the superior court and attend each session thereof and upon the judge at chambers when required (Pol. Code, sec. 4178).

A deputy county clerk is *ex-officio* clerk of the superior court (*People* v. *Collins*, 6 Cal. App. 492 [92 Pac. 513] ), and as such has authority coextensive with that of his principal in the performance of his duties. (*Touchard* v. *Crow*, 20 Cal. 150 [81 Am. Dec. 108].) It is the rule that where it is the duty of the clerk to file certain papers when they are delivered to him to be filed, his failure to do so does not forfeit any right of the party offering the paper for filing. (*Beck* v. *Pasadena Lake Vineyard Land & Water Co.*, 130 Cal. 50 [62 Pac. 219] ; *W. H. Marston Co.* v. *Kochritz*, 80 Cal. App. 352 [251 Pac. 959].)

The statement contained in the affidavit of the county clerk, to which was attached a transcript of the register of actions, is negative in character and we are of the opinion that in the absence of a positive contrary showing, the affirmative statements contained in the affidavits presented on behalf of appellant must prevail and that the circumstances are such as to take the case out of the rule announced in the case first cited. The ends of justice will be best subserved by denying the motion to dismiss the appeal and it is so ordered.

Barnard, P. J., and Jennings, J., concurred.