[Crim. No. 2805.   Third Dist.   Dec. 30, 1957.]

THE PEOPLE, Appellant, v. BEVERLY HALE, Respondent.

*Assigned by Chairman of Judicial Council.

Edmund G. Brown, Attorney General, Doris H. Maier, Deputy Attorney General, and Joseph Maddux, District Attorney, for Appellant.

Marshall H. Comstock for Respondent.

SCHOTTKY, J.—On July 1, 1957, Beverly Hale was held to answer to the superior court upon a complaint charging her in Count I with a violation of section 481 of the Vehicle Code (hit-run property damage), and in Count II with a violation of section 501 of the Vehicle Code (causing bodily injury while driving while intoxicated). Defendant was held to answer on said date and permitted to remain out of custody on her own recognizance.

On July 5, 1957, the matter was continued to July 12, 1957, for arraignment. On July 12, 1957, the date set for arraignment, both defendant and her counsel were absent, and by consent of counsel the matter was continued to July 19, 1957.

On July 19, 1957, defendant and her counsel were present in court and a motion was made by defendant's counsel to dismiss the information on the ground neither defendant nor her counsel was present at the time of the filing of the information and therefore the matter was not properly brought before the court within the 15 days, as required by statute. Upon request of the assistant district attorney, Count I of the information, a violation of section 481 of the Vehicle Code, a misdemeanor, was dismissed. The matter was then continued to July 26, 1957, for further proceedings on defendant's motion to dismiss the felony count, a violation of section 501 of the Vehicle Code. On July 26, 1957, the trial court granted the motion to dismiss on the ground that the defendant was not present at the date of the filing of the information and not arraigned at that time. This appeal is from the order dismissing the information.

The sole ground upon which this appeal is based is that there is no statutory or constitutional requirement that the de-

fendant be present in court and arraigned at the same time as an information is filed, and that the court erred in dismissing the information. This contention must be sustained. Respondent has filed no brief and has not appeared at the oral argument, so it is apparent that respondent virtually concedes the correctness of appellant's contention.

Section 739 of the Penal Code provides:

"When a defendant has been examined and committed, as provided in Section 872, it shall be the duty of the district attorney of the county in which the offense is triable to file in the superior court of that county within 15 days after the commitment, an information against the defendant which may charge the defendant with either the offense or offenses named in the order of commitment or any offense or offenses shown by the evidence taken before the magistrate to have been committed. The information shall be in the name of the people of the State of California and subscribed by the district attorney."

Section 976 of said code provides: "When the accusatory pleading is filed, the defendant must be arraigned thereon before the court in which it is filed, unless the action is transferred to some other court for trial."

Section 977 of said code provides: "The defendant must be personally present at the arraignment, except that if the accusatory pleading charges a misdemeanor only he may appear by counsel."

Sections 979-983 provide for the issuance of bench warrants to secure the presence of the defendant for arraignment, and section 988 of said code provides for the method of arraigning a defendant.

The trial court was of the opinion that the word "when" in section 976 meant that the defendant must be present in court when the information is filed, for the court stated: "Well, the Court is, of course, of the opinion that —'when' means 'when' and I think the defendant should have been in court when the information was filed." ■ However, as stated in *People* v. *Ramirez,* 112 Cal.App. 507, at page 510 [297 P. 51]:

"A filing of papers is accomplished by depositing with the proper officer at his office or at any place at which he is called upon to perform his duties, the paper which is to be filed. Very frequently, and as a matter of common practice, papers are filed with the clerk in the courtroom or in the judge's chambers, as well as at the principal office of the county clerk.

"The county clerk is *ex-officio* clerk of the superior court

(Pol. Code, § 4152). It is his duty to take charge of and safely keep all papers and records which may be filed or deposited in his office, and also to act as clerk of the superior court and attend each session thereof and upon the judge at chambers when required (Pol. Code, § 4178)."

The filing of the information gave the superior court jurisdiction to proceed, and in a felony case it is required that the defendant be personally present at the time of arraignment. (Pen. Code, § 977.) ■ The word "when" as used in section 976 should not be given such a narrow construction as to require that the defendant be present when the information is filed. In Webster's New International Dictionary, Second Edition, the word "when" is defined as: "1. At the time that; at, during, or after the time that; at, or just after, the moment that. . . . 2. In the event that; on condition that; in virtue of the circumstances that. . . ." ■ As stated in *McGrath* v. *Kaelin,* 66 Cal.App. 41, 44 [225 P. 34]:

". . . it is a rule of statutory interpretation that the intention of the legislature controls if it can be reasonably drawn from the language used, to the rejection of a more literal construction which would result in inconsistency or absurdity. To find such intent is the object of all interpretation. ■ A statute will be construed, therefore, with reference to the whole system of which it is a part, and all statutes which relate to the same subject matter, briefly called statutes *in pari materia,* are construed together. They are all compared, and harmonized if possible, to ascertain the legislative intent and to give them effect accordingly."

■ We are satisfied that the construction placed upon section 976 by the trial court was clearly not within the intent of the Legislature, and that such a construction would be contrary to the established practice in the various counties of California of having the district attorney file the information with the clerk of the superior court and having the matter set for arraignment. Such a construction is not a reasonable construction of the statute and it is not required to protect any rights of the defendant. We believe that by the use of the word "when" in section 976 the Legislature meant "after" or "following" the filing of the information.

The order dismissing the information is reversed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.