[Civ. No. 30565. Fourth Dist., Div. Three. May 21, 1984.]

JOHN CIACCIO et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Stotler & Stotler, James A. Stotler, Ron Kreber and David Fishman for Petitioners.

No appearance for Respondent.

Cecil Hicks, District Attorney, and Douglas H. Woodsmall, Deputy District Attorney, for Real Party in Interest.

---

OPINION

WALLIN, Acting P. J.—Petitioners were examined and committed pursuant to Penal Code section 872[1] on a felony complaint charging a violation of Health and Safety Code section 11351 (possession for sale of a narcotic). They sought section 995 relief on section 1382, subdivision 1[2] and other grounds when real party failed to file the superior court information within 15 days of the section 872 order as required by section 739.[3] Although real party failed to present facts sufficient to excuse the late filing, respondent determined counsel's mute acquiescence in the arraignment date chosen by the magistrate constituted a waiver of petitioners' speedy trial rights and denied their motion in its entirety. Since we conclude the section 739 violation requires the prosecution be dismissed, we need not address the other issues raised in petitioners' application for extraordinary relief.

█ The mandatory language of section 1382, subdivision 1 requires dismissal unless the People show good cause for the late filing. █ The People made no attempt to invoke the good cause exception below and they have failed to do so here. They instead rely upon the familiar rule that statutory speedy trial rights may be waived. (See, e.g., *Townsend* v. *Superior Court* (1975) 15 Cal.3d 774 [126 Cal.Rptr. 251, 543 P.2d 619].) However, the waiver exception to the section 1382 mandate has traditionally been invoked only in section 1382, subdivision 2 and section 1382, subdivision 3 cases. The sole reported decision applying the waiver doctrine to section 1382, subdivision 1 facts is *People* v. *Murray* (1967) 247

---

[1]All statutory references are to the California Penal Code unless otherwise indicated.

[2]Section 1382, subdivision 1 reads as follows: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: [¶] 1. When a person has been held to answer for a public offense and an information is not filed against him within 15 days thereafter."

[3]See *People* v. *Trujillo* (1977) 67 Cal.App.3d 547, 552 [136 Cal.Rptr. 672].

Section 739 reads: "When a defendant has been examined and committed, as provided in Section 872, it shall be the duty of the district attorney of the county in which the offense is triable to file in the superior court of that county within 15 days after the commitment, an information against the defendant which may charge the defendant with either the offense or offenses named in the order of commitment or any offense or offenses shown by the evidence taken before the magistrate to.have been committed. The information shall be in the name of the people of the State of California and subscribed by the district attorney."

All concerned agree the information was filed on the 16th day.

Cal.App.2d 730 [56 Cal.Rptr. 21]. That court found a waiver where "[t]he record indicate[d] that [the] late filing date was specifically requested by defendant's counsel for his convenience, and that defendant personally agreed to the date." (*Id.*, at p. 732.) Although we find it strange trial counsel in *Murray* requested a late filing date rather than a postponement of his client's superior court arraignment, we note our record contains no "late filing" request.

No other basis for a finding of waiver exists in this case. Although the People stress counsel failed to object to the arraignment date chosen by the magistrate, there was no error to which counsel could have objected. ▮ There is no statutory time for superior court arraignment. (Witkin, Cal. Crim. Procedure (1963 ed.) Proceedings Before Trial, § 219, p. 206.) Section 976 only mandates a defendant be arraigned after the accusatory pleading is filed. (See *People* v. *Hale* (1957) 156 Cal.App.2d 478, 481 [319 P.2d 660].) ▮ The 60-day period specified by section 1382, subdivision 2 within which to bring a defendant to trial runs from the date the information is filed, not from the date of arraignment. ▮ Consequently, the magistrate could have selected any arraignment date beyond 15 days of the order holding petitioners to answer.

Finally, even if counsel had objected and the magistrate had advanced the date of arraignment, those acts would not have assured the preservation of petitioners' statutory speedy trial rights. ▮ The district attorney is alone authorized to file an information on behalf of the People (see §§ 949 and 739), and is the sole authority capable of determining when it will be filed. A criminal defendant has no effective means whatsoever of assuring the information is filed within the statutory period. ▮ Nothing about the magistrate's order could have alerted counsel the People would not comply with their wholly unrelated section 739 obligation. Further, no objection on counsel's part could have influenced the People's section 739 "time to file" discretion. Consequently, we refuse to impose on counsel a duty to object to an arraignment date scheduled more than 15 days beyond the date of the commitment order. Under these circumstances, section 1382, subdivision 1 is the legislatively mandated remedy and dismissal of the information is required.

Let a peremptory writ of prohibition issue restraining respondent from conducting further proceedings, except to vacate its order denying the section 995 motion and to enter a new and different order granting petitioners the relief they request. The stay previously issued is modified to allow respondent to conduct proceedings consistent with this order and, as modified,

shall remain in effect until this order becomes final, at which time it shall be dissolved. In all other respects the writ petition is denied.

Sonenshine, J., and Crosby, J., concurred.