[No. C066318. Third Dist. Aug. 22, 2011.]

THE PEOPLE, Plaintiff and Appellant, v.
JOHN MELVIN STIEHL, Defendant and Respondent.

COUNSEL

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Paul E. O'Connor, Deputy Attorneys General, for Plaintiff and Appellant.

Cheryl Rae Anderson, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**ROBIE, Acting P. J.**—After the magistrate held defendant John Melvin Stiehl to answer on a charge of receiving stolen property, the Placer County District Attorney's Office took an information to the court to be filed. The court clerk stamped the information "received," but not "filed," and placed it in the file for one of defendant's *other* cases. This mistake was discovered after the statutorily mandated time for filing an information had passed, and the trial court granted defendant's subsequent motion to dismiss on the ground the information was not timely filed.

On appeal, the People contend the trial court erred in granting the motion to dismiss because the prosecutor's office timely filed the information by delivering it to the court clerk. The People also argue that even if the information was not timely filed, good cause existed for the trial court to decline to dismiss the information. We do not reach the People's second argument, because, agreeing with their first, we reverse the decision of the trial court. As we will explain, the information was "filed" when it was delivered to the court clerk for filing, even though the clerk failed to process the document correctly.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts of the underlying offense are not relevant to this appeal.

On July 14, 2010, the magistrate held defendant to answer on a charge of receiving stolen property. The prosecutor chose not to have the complaint deemed an information. Two days later, on July 16, a secretary from the prosecutor's office walked the information to the court. The court clerk stamped the information "received," but not "filed," and apparently placed it in one of defendant's *other* pending case files. On July 26, defendant failed to appear for his arraignment in this case.

On August 18, at a hearing on several of defendant's pending cases, the mistaken processing of the information in this case was discovered. The court allowed the information to be filed over defendant's objection, well after the statutorily set 15 days in which an information must be filed following a magistrate's holding order. (See Pen. Code, § 1382, subd. (a)(1).)

Defendant filed a motion to dismiss, arguing the information was not timely filed because it was filed 36 calendar days after defendant was held to answer. In opposition, the prosecutor argued there was good cause to decline to dismiss the case because of the error in misfiling or because defendant was a fugitive from justice and if he had appeared for his arraignment on July 26,

the error would have been discovered and corrected then, within the statutory deadline. The prosecutor did not argue (either in writing or at the hearing on the motion) that the clerk's receipt of the information was the equivalent of the information being filed. The trial court granted the motion to dismiss, finding the court clerk's clerical error and defendant's failure to appear on July 26 did not constitute good cause to decline to dismiss the case.

## DISCUSSION

The People contend the trial court's dismissal of the case was reversible error. They argue the information should have been deemed "filed" as of the date it was presented to the court clerk, thereby making its filing on July 16 timely. In the alternative, the People argue the trial court had good cause to decline to dismiss the information, and the trial court's ruling could be reversed on that basis as well.

In response, defendant contends the People forfeited their argument that the information should be deemed "filed" by not addressing it in the written opposition to the motion to dismiss or at the hearing on the motion. Specifically, defendant contends the prosecution did not develop the factual basis to support this new legal theory on appeal. Defendant argues that even if the People are allowed to raise this new theory on appeal, the People do not offer authority that suggests the information should have been deemed "filed." Defendant also contends the trial court did not have good cause to decline to dismiss the case.

We do not reach the question of whether the trial court had good cause to decline to dismiss the case. Instead, we agree with the People that the information should have been deemed "filed" upon its presentation to the clerk. Accordingly, we reverse.

### I

### *The People's Argument That the Information Should Have Been Deemed Filed Is Not Forfeited on Appeal*

The People argue that the information should have been deemed "filed" when it was presented to the court clerk and stamped "received." Defendant contends the People forfeited this argument because the prosecutor did not make it in his written opposition to the motion to dismiss or at the hearing on the motion. Defendant maintains that the question of whether the information should be deemed "filed" is a mixed question of law and fact, and the People's new theory is not a "pure question of law based on undisputed facts." We disagree.

■ "[I]t is well established that appellate courts may rely on a theory presented for the first time on appeal ' "where the issue is one of law alone." ' " (*People v. Miranda* (2004) 123 Cal.App.4th 1124, 1130 [20 Cal.Rptr.3d 610].) "If a question of law only is presented *on the facts appearing in the record*, [a] change in theory may be permitted by the reviewing court." (*People v. Carr* (1974) 43 Cal.App.3d 441, 445 [117 Cal.Rptr. 714], italics added.)

A copy of the information, stamped "received" on July 16, 2010, is a part of the record on appeal. This information, bearing the caption and signature of the prosecutor's office, demonstrates that the information was delivered to and received by the clerk's office. Therefore, it is a pure question of law whether the information was "filed" upon its delivery to the clerk's office, and we proceed to consider the People's arguments.

II

*As a Matter of Law, the Information Should Have Been*
*Deemed Filed*

Because we must decide whether, as a matter of law, an information delivered to the clerk's office is "filed," we review the trial court's decision under a de novo standard of review. (*People v. Cromer* (2001) 24 Cal.4th 889, 894 [103 Cal.Rptr.2d 23, 15 P.3d 243] [appellate courts review determinations of law under a nondeferential independent or de novo standard].)

The People argue that when the prosecutor's office deposited the information with the clerk, the information had been "filed," despite only being stamped as "received." We agree.

■ In *In re Gray* (2009) 179 Cal.App.4th 1189 [102 Cal.Rptr.3d 551], we recognized a long-standing principle of California law: " ' "[a] paper in a case is said to be filed when it is delivered to the clerk and received by him, to be kept with the papers in the cause. [Citation.] Filing a paper consists in presenting it at the proper office, and leaving it there, deposited with the papers in such office. *Indorsing it with the time of filing is not a necessary part of filing.*" ' " (*Id.* at p. 1200, italics added.) California criminal and civil courts have long held that " '[a] filing of papers is accomplished by depositing with the proper officer at his office or at any place at which he is called upon to perform his duties, the paper which is to be filed.' " (*People v. Maldonado* (2009) 172 Cal.App.4th 89, 96 [90 Cal.Rptr.3d 750], quoting *People v. Ramirez* (1931) 112 Cal.App. 507, 510 [297 P. 51]; see also *People v. Boggess* (1924) 194 Cal. 212, 219 [228 P. 448] ["A final filing may consist of the mere physical act of the person leaving a paper at the proper office with

the person in charge thereof to be filed."]; *Tregambo v. Comanche M. and M. Co.* (1881) 57 Cal. 501, 506.)

▇ Under this long-standing California rule, when the district attorney's office deposited the information with the court clerk's office, the information had been filed, even though the clerk stamped it "received" and placed it in the wrong court file. Defendant attempts to distinguish the line of cases supporting this rule by arguing that most of the cases do not address a criminal defendant's speedy trial rights and that the reasoning in the cases is underpinned by evidence demonstrating that the document was appropriately presented for filing. As to the latter point, we have already discussed that the evidence on appeal is sufficient to show that the information was properly presented to the court clerk. As to the former, although the cases do not address a criminal defendant's speedy trial rights, the legal principle that they embody is applicable to any situation requiring the filing of papers with a court clerk. As a matter of law, defendant's speedy trial rights are not implicated because the information was actually filed on July 16, 2010, when it was presented to the court clerk and stamped "received." Accordingly, the trial court erred in granting defendant's motion to dismiss.

## DISPOSITION

The judgment of dismissal is reversed, and the case is remanded to the trial court for further proceedings.

Butz, J., and Hoch, J., concurred.

Respondent's petition for review by the Supreme Court was denied November 16, 2011, S196594.