Filed 4/11/16  P. v. Andert CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041834 |
| Plaintiff and Respondent, | (Monterey County |
| | Super. Ct. No. SS140860A) |
| v. | |
| JAMES MICHAEL ANDERT, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

After a preliminary examination on August 15, 2014, defendant James Michael Andert was held to answer for first degree burglary (Pen. Code, § 459)[1] and his arraignment date was set for 21 days later on September 5, 2014.  At the arraignment hearing, the prosecution filed the information.  That same day, defendant filed a motion to dismiss based on the prosecution's failure to file the information within 15 days of defendant being held to answer.  (§§ 739, 1382, subd. (a)(1).)  The court denied the motion.  After a court trial, defendant was convicted of second degree burglary and sentenced to 16 months in jail.

On appeal, defendant contends that the trial court erred in denying his motion to dismiss the action.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

For reasons that we will explain, we will reverse the judgment and remand the matter with directions to grant defendant's motion to dismiss.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Complaint, the Preliminary Examination, and the Information*

On April 8, 2014, defendant was charged by complaint with first degree burglary (§ 459). Prior to the filing of this complaint, defendant had been charged in another case (No. SS140723A) with first degree burglary for the same incident. The earlier complaint was ultimately dismissed following a preliminary examination, where the court found that there was not sufficient cause to believe defendant guilty. (See § 871.)

On August 15, 2014, at the close of the preliminary examination in the second case against defendant arising out of the same incident (No. SS140860A), defendant was held to answer for first degree burglary. The court then addressed the scheduling of the arraignment with defendant and his trial counsel as follows:

"THE COURT: . . . You're therefore held to answer to stand trial, with a Superior Court arraignment date – Mr. Butler [defense counsel], do you care?

"[DEFENSE COUNSEL]: I'm wondering if we could come back the first week of September for setting and arraignment?

"THE COURT: How about the 10th of September?

"[DEFENSE COUNSEL]: We could get – could we do that a little sooner, if possible?

"THE COURT: The 5th?

"[DEFENSE COUNSEL]: That would be fine.

"THE COURT: The 5th at 8:30."

On September 5, 2014, at the arraignment hearing, the prosecution filed an information charging defendant with first degree burglary (§ 459). The burglary allegedly took place on or about March 25, 2014, when defendant entered an inhabited

2

vessel with the intent to commit larceny. Defendant waived arraignment on the information and entered a plea of not guilty.

**B.** *Defendant's Motion to Dismiss*

On September 5, 2014, the same day that the arraignment hearing was held, defendant filed a motion to dismiss. He contended that at the arraignment hearing earlier that day, the trial court "indicated . . . that the People had yet to file an information." According to defendant, the prosecutor "had nothing to indicate that an information had been filed," but the court subsequently "accepted the information to be filed in court." In his motion, defendant argued that the information should be dismissed because the prosecution did not file it within 15 days after he was held to answer, as required by statute.

The prosecution filed written opposition to defendant's motion. The prosecution contended that defense counsel "chose the date for the arraignment upon multiple opportunities for input," and that "as to that date, there is an implied waiver of the strict 15 day filing requirement" for the information. The prosecution contended that in *People v. Murray* (1967) 247 Cal.App.2d 730 (*Murray*), a waiver was found where "defense counsel [had] picked the date that was beyond 15 days from the date of the holding order."

In a written reply, defendant contended that the acceptance of an arraignment date beyond 15 days of being held to answer did not constitute a waiver of the filing of the information within 15 days.

A hearing was held on defendant's motion to dismiss. The prosecution clarified that it was *not* asserting good cause for the delay in filing, but rather that there had been a waiver by defendant. Defendant argued that the hearing date for the arraignment "was not a date [defense counsel] had requested. It was a date the Court had indicated." The trial court ultimately denied defendant's motion to dismiss. Referring to the interaction between the court and defense counsel in setting the arraignment date, the court stated:

3

"Under the circumstances, and these circumstances only, with the nuances and the specificity and the language that was used, the questions that were asked, and the responses that were made, the Court does find that the case of *People versus Murray* is controlling."

### C. *The Court Trial and Sentencing*

Defendant waived his right to a jury trial. The evidence admitted at the court trial established that defendant had taken items without permission from a docked boat on or about March 25, 2014. The court found defendant guilty of second degree burglary after stating it was "not going to find this a residential burg[lary]." The court subsequently sentenced defendant to 16 months in county jail.

### III. DISCUSSION

Defendant contends that the trial court erred by denying his motion to dismiss under section 1382 because the information was not filed within 15 days of being held to answer (§ 739). He argues that his trial counsel's "acquiescence" to a later arraignment date cannot be construed as a waiver of the 15-day filing requirement. Defendant further contends that the court's error in denying the motion to dismiss was prejudicial because the prosecution would have been barred from refiling the burglary charge a third time.

The Attorney General contends that defendant impliedly waived the 15-day deadline for filing the information by requesting an arraignment date beyond the 15-day timeframe.

### A. *Failure to File an Information Within 15 Days*

"After the preliminary examination, the magistrate will order the defendant 'held to answer' on the charge or charges stated in the complaint if 'it appears from the examination that a public offense has been committed, and there is sufficient cause to believe that the defendant is guilty . . . .' [Citation.]" (*People v. Martinez* (2000) 22 Cal.4th 750, 758 (*Martinez*).) Significantly, "[w]hen a defendant has been examined and committed, . . . it shall be the duty of the district attorney . . . to file in the superior

4

court . . . *within 15 days after the commitment*, an information against the defendant . . . ." (§ 739, italics added; see also Cal. Rules of Court, rule 4.110(1).) Section 1382 provides that if "an information is not filed against that person within 15 days," then "[t]he court, unless good cause to the contrary is shown, shall order the action to be dismissed." (§ 1382, subd. (a)(1).)

In this case, there is no dispute that the information was filed more than 15 days after defendant was held to answer. Neither the prosecutor below nor the Attorney General in this court argues that there was good cause for the delay in filing. (See § 1382, subd. (a).) Rather, the issue is whether defendant waived the 15-day deadline based on his trial counsel's agreement to have the arraignment set outside the 15-day timeframe. In the court below, the prosecutor argued that a waiver had occurred based on *Murray*, and the trial court determined that *Murray* was "controlling."

In *Murray*, the information was filed 16 days after the defendant was held to answer. (*Murray*, *supra*, 247 Cal.App.2d at p. 732.) The defendant contended on appeal that the trial court erred in not dismissing the case. The appellate court concluded that defendant had waived his right to an earlier filing under section 1382 because "this late *filing* date was specifically requested by defendant's counsel for his convenience, and . . . defendant personally agreed to the date." (*Murray*, *supra*, at p. 732.) The appellate court further determined that the defendant had forfeited his claim by failing to raise it below. (*Id.* at p. 733.)

In this case, neither defendant nor his trial counsel requested a late *filing* date. Trial counsel and the court discussed only the scheduling of the date for *arraignment*, not the date for *filing* the information.

In *Ciaccio v. Superior Court* (1984) 156 Cal.App.3d 130 (*Ciaccio*), the appellate court addressed the relationship between the scheduling of the arraignment and a late-filed information. The trial court in that case had determined that defense counsel's

"mute acquiescence in the arraignment date chosen by the magistrate constituted a waiver of [the defendants'] speedy trial rights." (*Id.* at p. 132.)

The appellate court in *Ciaccio* found no basis for a waiver. The appellate court explained that "[t]here is no statutory time for superior court arraignment. [Citation.] Section 976 only mandates a defendant be arraigned *after* the accusatory pleading is filed. [Citation.]" (*Ciaccio*, *supra*, 156 Cal.App.3d at p. 133, italics added.) "Consequently, the magistrate could have selected any arraignment date beyond 15 days of the order holding [the defendants] to answer." (*Ibid.*)

The appellate court further explained that an objection by trial counsel to the arraignment date would have been useless. The appellate court stated: "[E]ven if counsel had objected and the magistrate had advanced the date of arraignment, those acts would not have assured the preservation of [the defendants'] statutory speedy trial rights. The district attorney is alone authorized to file an information on behalf of the People [citations], and is the sole authority capable of determining when it will be filed. A criminal defendant has no effective means whatsoever of assuring the information is filed within the statutory period. Nothing about the magistrate's order could have alerted counsel the People would not comply with their wholly unrelated section 739 obligation. Further, no objection on counsel's part could have influenced the People's section 739 'time to file' discretion." (*Ciaccio*, *supra*, 156 Cal.App.3d at p. 133.) The appellate court accordingly "refuse[d] to impose on counsel a duty to object to an arraignment date scheduled more than 15 days beyond the date of the commitment order," and concluded that under section 1382, dismissal of the information was required. (*Ciaccio*, *supra*, at p. 133.)

Based on *Ciaccio* and the record in this case, we determine that defendant's motion to dismiss the information should have been granted. At the conclusion of the preliminary examination, the court and defendant's trial counsel discussed the scheduling of the arraignment. There was no mention of the filing date for the information. Thus,

regardless of whether defendant's trial counsel objected, requested, or acquiesced to the scheduling of an arraignment date that was more than 15 days after defendant was held to answer, "[n]othing about" the scheduling discussion between the court and defendant's trial counsel "could have alerted counsel the People would not comply with their wholly unrelated section 739 obligation" to file the information within 15 days.  (*Ciaccio*, *supra*, 156 Cal.App.3d at p. 133.)  We therefore determine that trial counsel's conduct in this case did not amount to an implied waiver of defendant's right to have the information filed within 15 days of being held to answer.

Relying on *People v. McGhee* (1987) 193 Cal.App.3d 1333 (*McGhee*), the Attorney General contends that a defendant who "induces the court to set an arraignment date beyond the 15-day period . . . impliedly waives his right to a timely filed information."  We are not persuaded by the Attorney General's reliance on *McGhee*.  As the Attorney General observes, the appellate court in *McGhee* concluded that the defendant had waived his right to have the information filed within 15 days because, among other facts, the defendant waited 14 months to bring the motion to dismiss on the first day of trial.  (*Id.* at p. 1344.)  In the interim, motions had been filed based upon the indictment being used as an accusatory pleading, including two motions by the defendant directly addressing the substance of the indictment.  (*Ibid*.)

In contrast, in the instant case, the record does not reflect that defendant treated the information as a properly filed or a timely-filed accusatory pleading.  Rather, defendant filed a motion to dismiss the same day the information was filed.

We are also not persuaded by the Attorney General's arguments that "[t]here is no meaningful distinction between a request for an arraignment date beyond 15 days, . . . and a request for a filing date beyond 15 days."  There is a significant legal distinction between the information filing date and the arraignment date.  Whereas section 739 *requires* the prosecution to file the information within 15 days after the defendant is held to answer, "[t]here is no statutory time for superior court arraignment."  (*Ciaccio*, *supra*,

7

156 Cal.App.3d at p. 133.) Indeed, "there is no statutory or constitutional requirement that the defendant be present in court and arraigned at the same time as an information is filed." (*People v. Hale* (1957) 156 Cal.App.2d 478, 479-480 (*Hale*).) In *Hale*, the appellate court concluded that a defendant is not required to be present on the date the information is filed and need not be arraigned at that time, and that the trial court erred in dismissing the information based on this ground. (*Id.* at pp. 479-480.)

In sum, we determine that defendant in this case did not waive his right to have the information filed within 15 days of being held to answer, based on his trial counsel's discussion with the court about the scheduling of an arraignment hearing outside that timeframe.

### B. *Prejudice*

We also determine that defendant has shown prejudice by the trial court's failure to grant the motion to dismiss.

Prior to the April 8, 2014 filing of the complaint in this case, in which defendant was charged with first degree burglary, the prosecution approximately two weeks earlier on March 26, 2014, filed a complaint in another case (No. SS140723A), which also charged defendant with first degree burglary. The single burglary count in this earlier March complaint contained allegations identical to the burglary count in the later April complaint, including regarding when the offense occurred, the type of property burglarized, and the name of the victim. Based on the facts elicited at the preliminary examination for the earlier burglary case, it appears the same incident formed the basis for the later burglary case. At the close of the April 4, 2014 preliminary examination in the earlier case, the court found that there was not sufficient cause to believe defendant guilty and defendant was ordered to be discharged. (See § 871.)

A defendant raising the claim of abridgement of his or her rights under section 1382 on appeal "must prove not only unjustified delay in bringing his case to trial

but also prejudice flowing from that delay." (*People v. Johnson* (1980) 26 Cal.3d 557, 574; see also *Martinez, supra,* 22 Cal.4th at p. 755.)

"Section 1387 generally provides a 'two dismissal' rule barring further prosecution of a felony if the action against the defendant has twice been previously terminated according to the provisions of that statute. [Citation.]" (*Berardi v. Superior Court* (2008) 160 Cal.App.4th 210, 218 (*Berardi*).) With certain exceptions, section 1387, subdivision (a) provides: "An order terminating an action pursuant to this chapter [which includes section 1382], or Section 859b, 861, 871, or 995, is a bar to any other prosecution for the same offense if it is a felony . . . and the action has been previously terminated pursuant to this chapter, or Section 859b, 861, 871, or 995 . . . ." Thus, " '[w]here there are successive dismissals on any of these [statutory] grounds [set forth in section 1387], or combinations of them, the order terminating the second action operates to bar any third or subsequent prosecution on the same charge unless one of the statutory exceptions applies. [Citation.]' [Citation.]" (*Berardi*, *supra*, at p. 218, italics omitted.)

The prior case against defendant, No. SS140723A, was previously terminated pursuant to section 871 at the conclusion of the preliminary examination, after the court found that there was not sufficient cause to believe defendant guilty. The instant case, No. SS140860A, involves the same burglary offense as the prior case. As we have explained, the court should have granted defendant's motion to dismiss the instant case pursuant to section 1382 based on the prosecution's failure to file the information within 15 days under section 739. Because these successive dismissals are based on a combination of the statutory grounds set forth in section 1387, subdivision (a) – that is, first a dismissal under section 871 and then an erroneous failure to dismiss under section 1382 – and because the record does not reflect (nor has the Attorney General argued) that a statutory exception applies (see § 1387, subds. (a)(1)-(4), (b), (c)), no third prosecution may be brought against defendant on the same burglary charge. (§ 1387,

9

subd. (a); *Berardi*, *supra*, 160 Cal.App.4th at p. 218.) Under the circumstances, the trial court's erroneous failure to dismiss the action against defendant under section 1382 was prejudicial. Accordingly, we will order that the action against defendant be dismissed.

## IV. DISPOSITION

The judgment is reversed. The matter is remanded to the trial court with directions to vacate the order denying defendant's motion to dismiss pursuant to Penal Code section 1382, subdivision (a)(1), and to enter a new order granting the motion and dismissing the action against defendant.

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

MIHARA, J.