Filed 5/22/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| RAMIN SALARI,<br><br>               Petitioner,<br>    v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>               Respondent,<br><br>THE PEOPLE,<br><br>               Real Party in Interest. | B295511<br><br>(Los Angeles County<br>Super. Ct. Nos. BA403666 &<br>BA417226) |
| MARK THOMAS McNEIL,<br><br>               Petitioner,<br>    v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>               Respondent,<br><br>THE PEOPLE,<br><br>               Real Party in Interest. | B295653<br><br>(Los Angeles County<br>Super. Ct. No. BA403666) |

| | |
|---|---|
| JOHN NOGUEZ, | B295731 |
| Petitioner, | (Los Angeles County Super. Ct. No. BA403666) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent, | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate. George G. Lomeli, Judge. Petitions granted.

Larson O'Brien, Stephen G. Larson, Koren L. Bell and Steven A. Haskins for Petitioner Ramin Salari.

Steven Graff Levine for Petitioner Mark Thomas McNeil.

Anthony Falangetti for Petitioner John Noguez.

No appearance for Respondent.

Jackie Lacey, District Attorney, Phyllis C. Asayama and Matthew Brown, Deputy District Attorneys for Real Party in Interest.

_____

Relying on Penal Code section 1382, subdivision (a)(1),[1] Ramin Salari,[2] Mark McNeil, and John Noguez (collectively, petitioners) seek writs of mandate directing the superior court to dismiss the untimely filed information against them.  We conclude petitioners are entitled to the dismissal they seek, which, we note, is not a bar to another prosecution for the same felony offenses.  (§ 1387, subd. (a).)

## PROCEDURAL BACKGROUND

An August 14, 2018 information charged petitioners with conspiracy, grand theft, bribery, and embezzlement, among other counts.  The People alleged a scheme by petitioners to reduce the assessed values of certain properties to improperly receive property tax refunds.  Petitioners each moved to dismiss on the ground the People failed to file the information within 15 days of the superior court's holding order as required by sections 739 and 1382, subdivision (a)(1).

The superior court denied their motions to dismiss, finding they had impliedly waived the 15-day deadline when they agreed to a later arraignment date.  It is undisputed that petitioners, along with their counsel, each agreed to an August 21, 2018 arraignment.  However, nothing was agreed to or said about the date for filing the information.  The information was filed on

---

[1]    All further section references are to the Penal Code.

[2]    There are two pending criminal cases against Salari in the superior court, Case Nos. BA403666-02 and BA417226.  Salari moved to dismiss both on the ground the information was filed past the 15-day statutory timeframe.  Salari filed one consolidated writ petition for both cases and therefore, they were assigned the same case number in this court, B295511.  The same analysis and disposition applies to both cases.

3

August 14, 2018, 25 days after the holding order was issued on July 20, 2018.

Petitioners each filed a petition for a writ of mandate directing the superior court to dismiss the information, among other relief.[3] We issued orders to show cause why the relief requested in the petitions should not be granted with respect to petitioners' motions to dismiss the information as untimely.

## DISCUSSION

Petitioners argue section 1382, subdivision (a)(1), requires dismissal of the information against them. We agree.

## I.     Standard of Review

In interpreting a statute, " ' "[o]ur fundamental task . . ." ' . . . ' "is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute." ' " (*People v. Pennington* (2017) 3 Cal.5th 786, 795 (*Pennington*).) We focus first on " 'the statute's actual words, the "most reliable indicator" of legislative intent, "assigning them their usual and ordinary meanings . . . ." ' " (*Ibid.*) We view the statutory language in context and do not determine its meaning " 'from a single word or sentence.' " (*Ibid.*) If the statutory text "is unambiguous and provides a clear answer, we need go no further." (*Microsoft Corp. v. Franchise Tax Bd.* (2006) 39 Cal.4th 750, 758.) "[A]pparent 'ambiguities often may be resolved by examining the context in which the language appears and adopting the construction which best serves to harmonize the statute internally and with related statutes . . . .' " (*Pennington, supra,* at p. 795.) We independently

---

[3]     We consolidated the petitions for decision and argument because each petitioner addresses the identical issue and the People's returns are substantially the same.

4

review a trial court's statutory interpretation. (*1305 Ingraham, LLC v. City of Los Angeles* (2019) 32 Cal.App.5th 1253, 1259.)

## II. Dismissal is Required

Here, the statutory texts are unambiguous and in harmony with the related statutes and rules. Section 739 requires, "When a defendant has been examined and committed, . . . it shall be the duty of the district attorney . . . to file in the superior court . . . within 15 days after the commitment, an information against the defendant . . . ." (See also Cal. Rules of Court, rule 4.110(1) ["The information must be filed within 15 days after a person has been held to answer for a public offense."].) Section 1382, subdivision (a)(1), further specifies, "The court, unless good cause to the contrary is shown, shall order the action to be dismissed . . . [w]hen a person has been held to answer for a public offense and an information is not filed against that person within 15 days." "If the trial court erroneously denies a motion to dismiss under section 1382, the defendant may obtain immediate pretrial appellate reversal by writ of mandate, without demonstrating prejudice stemming from the delay of trial." (*People v. Cory* (1984) 157 Cal.App.3d 1094, 1098; *People v. Wilson* (1963) 60 Cal.2d 139, 149–151.)

Here, the information was filed on August 14, 2018, 25 days after the July 20, 2018 holding order. This was 10 days too late. The People concede they failed to file the information within the time frame required by section 1382, and they do not assert they had good cause to file the information late. As a result, section 1382, subdivision (a)(1), requires dismissal.

5

To avoid this conclusion, the People argue petitioners impliedly waived the 15-day deadline by agreeing to a later arraignment date. We are not aware of any authority, and the People present us with none, that holds a party impliedly waives the right to the timely filing of an information by agreeing to a later arraignment.[4]

In fact, the People's implied waiver argument was expressly rejected in *Ciaccio v. Superior Court* (1984) 156 Cal.App.3d 130 (*Ciaccio*), a case presenting substantially the same facts. There, the defendant was silent when the magistrate set an arraignment date more than 15 days after the holding order. The People subsequently filed the information late without good cause. (*Id.* at p. 132.) When the defendant moved to dismiss the action under section 1382, subdivision (1) (now subdivision (a)(1)), the People argued the defendant waived the 15-day requirement because he failed to object to the arraignment date. The Court of Appeal rejected this argument, noting there is no statutory time for an arraignment, as section 976 only requires that it occur after the accusatory pleading is filed. (*Id.* at p. 133.) "The 60-day period specified by section 1382, subdivision 2 within which to bring a defendant to trial runs from the date the information is filed, not from the date of arraignment. Consequently, the magistrate could have

---

[4] The parties have directed us to one case involving the waiver of a timely-filed information. The court in *People v. Murray* (1967) 247 Cal.App.2d 730, 732–733 found an express waiver of the 15-day deadline where defense counsel requested the information be filed beyond the statutory time limit for his own convenience, and the defendant personally agreed to that date. There is no dispute petitioners did not expressly waive their right to a timely-filed information in this case.

6

selected any arraignment date beyond 15 days of the order holding petitioners to answer." (*Ibid.*) Thus, "there was no error to which [the defendant] could have objected." (*Ibid.*)

The court further reasoned, "the district attorney is alone authorized to file an information on behalf of the People (see §§ 949 and 739), and is the sole authority capable of determining when it will be filed. A criminal defendant has no effective means whatsoever of assuring the information is filed within the statutory period. Nothing about the magistrate's order could have alerted counsel the People would not comply with their wholly unrelated section 739 obligation. Further, no objection on counsel's part could have influenced the People's section 739 'time to file' discretion." (*Ciaccio, supra,* 156 Cal.App.3d at p. 133.)

We are persuaded by *Ciaccio* that there was no implied waiver in this case. At the preliminary examination, the court and the parties discussed continuing the date of arraignment. There was no mention of the filing date for the information. As in *Ciaccio,* "[n]othing about" the scheduling discussion between the court and the parties "could have alerted counsel the People would not comply with their wholly unrelated section 739 obligation" to file the information within 15 days. (*Ciaccio, supra*, 156 Cal.App.3d at p. 133.) At the time of the preliminary examination, there was no error to which petitioners could have objected. Thus, petitioners' agreement to the arraignment date did not amount to an implied waiver of their right to have the information filed within 15 days of being held to answer.

7

The People attempt to circumvent *Ciaccio's* holding by arguing it is no longer valid because it relied on a previous version of section 1382, which tethered the start of the speedy-trial clock to the filing of the information. (Former § 1382, subd. 2 (1984); see Stats. 1998, ch. 98, § 1 (SB 1558).) It is true that in 1998, section 1382 was amended to start the 60-day speedy-trial clock on the defendant's arraignment in superior court. The amendment, made effective on January 1, 1999, applies to this case. (§ 1382, subd. (a)(2).) However, the People's argument that this change renders *Ciaccio* invalid is meritless.

The 1999 amendment does not invalidate *Ciaccio*'s reasoning that the time requirements for an arraignment and an information are separate obligations, fulfilled by separate entities. Sections 739 and 1382, subdivision (a)(1), remain unchanged and require the prosecution to file the information within 15 days after the order of commitment or suffer dismissal. On the other hand, the time for the superior court to hold an arraignment hearing is not so clearly established. Section 976, subdivision (a), only requires a defendant be arraigned "[w]hen the accusatory pleading is filed . . . ." The word "when" in section 976, subdivision (a), has been interpreted to mean at the same time as or after an information is filed. (*People v. Hale* (1957) 156 Cal.App.2d 478, 479–480 (*Hale*).) California Rules of Court, rule 4.110(2), comports with this interpretation: "The arraignment of a defendant must be held on the date the information is filed or as soon thereafter as the court directs[.]" The statutory scheme establishes two distinct timelines: one for the filing of an information and another for holding an arraignment. It does not dictate that a defendant waives his right to a timely-filed information every time he agrees to an arraignment date that is

8

properly scheduled to occur sometime after the information is filed.[5]

Neither does *Osman v. Superior Court* (2005) 134 Cal.App.4th 32, 40 (*Osman*) support the People's argument, as they contend. There, Division One of this District found the defendant impliedly waived his right to a timely amended complaint after he failed to object when the trial court gave the People 33 days to amend, which exceeded the 10-day deadline for amendment specified in section 1007. The *Osman* court found this was error to which the defendant could have objected, but he did not; he silently acquiesced to a later amendment deadline. (*Ibid.*) This case is different. If, as in *Osman,* the court here had expressly granted the People 25 days to file an information and petitioners remained silent, an implied waiver could arguably be found. But that did not happen; there was no similar mute acquiescence to a late-filed information.

Petitioners in this case did not waive their right to have the information filed within 15 days of being held to answer, based on their agreement to an arraignment outside of that timeframe.

---

[5] The People take issue with the 1999 amendment, arguing, "The statute cannot condition a speedy trial on arraignment while simultaneously not providing a speedy arraignment." They contend we must harmonize the statutory scheme such that we read into section 1382 a requirement that the arraignment occur at the same time the information is filed, requiring us to deviate from *Hale, supra,* 156 Cal.App.2d at pages 479–480 and invalidate rule 4.110(2) of the California Rules of Court. We decline to do so.

9

## DISPOSITION

The petitions are granted.  The superior court is directed to vacate its orders denying petitioners' motions to dismiss pursuant to section 1382, subdivision (a)(1), and to enter new and different orders dismissing the actions against petitioners.

**CERTIFIED FOR PUBLICATION**


BIGELOW, P. J.


WE CONCUR:


GRIMES, J.


STRATTON, J.