[No. C056083. Third Dist. Dec. 2, 2009.]

In re DAVID EARL GRAY on Habeas Corpus.

## COUNSEL

Scott Concklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Catherine Chatman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SCOTLAND, P. J.**—This matter has taken a circuitous route back to this court because of defendant David Earl Gray's failure to follow the Sacramento County Superior Court's directions regarding the filing of a notice of appeal from a judgment against him in a criminal case, and the trial judge's insistence that defendant could not file his notice of appeal with the trial judge's courtroom clerk instead of with the "Appeals Unit" of the court clerk's office as directed by the court's Web site.

The matter was previously before us when, after the jury had returned a verdict finding him guilty, but before the trial court imposed judgment, defendant filed two separate notices of appeal. We dismissed them as purported appeals from a nonappealable order. When we did so, a judgment against defendant had still not been imposed. Our remittitur issued in September 2007.

The matter is now before us again because the California Supreme Court, via defendant's petition for writ of habeas corpus, ordered the Director of the Department of Corrections and Rehabilitation to show cause before us why (1) our remittitur should not be recalled, (2) why the trial court did not err by refusing to accept the notice of appeal defendant sought to file with the trial judge's courtroom clerk immediately after judgment was imposed, and (3) why defendant should not be allowed to file a belated notice of appeal.

We decline to recall the remittitur issued by this court in September 2007, but we conclude Gray must be given an opportunity to file, within 30 days after the finality of this opinion, a notice of appeal from the judgment entered on July 16, 2007, and, if he does, the superior court must treat the notice of appeal as a timely appeal from that judgment. As we will explain, (1) although the California Supreme Court's order suggests that it would be appropriate to recall the September 2007 remittitur, there not only is no legal basis upon which to do so, it would create the peculiar result of having three appeals from the same judgment, and (2) a deputy clerk assigned to a courtroom is part of the clerk's office; thus, absent a valid local rule of court to the contrary, a notice of appeal can be filed with a courtroom clerk, not just with the appeals unit of the clerk's office.

We caution, however, that our second conclusion is not meant to be an invitation for convicted defendants to routinely file notices of appeal with courtroom clerks. Indeed, doing so may harm, not help, defendants who want to appeal. This is so because experience has shown that the filing of notices of appeal with courtroom clerks, rather than with the appeals unit of the court clerk's office, has led to significant delays in the processing, and ultimate resolution, of appeals.

We also emphasize that we limit our conclusion to a notice of appeal in a criminal case (for which there is no filing fee to be processed) that a defendant seeks to file with the courtroom clerk of the judge who imposes sentence. We do not consider whether an attorney or litigant can walk into any courtroom and file any motion or other matter with the courtroom clerk.

## CASE HISTORY

On June 19, 2007, a jury found defendant David Gray guilty of second degree murder (Pen. Code, §§ 187, subd. (a), 189) with use of a firearm (Pen. Code, § 12022, subd. (b)(1)) and found that he had two prior serious felony convictions (Pen. Code, § 667, subd. (a)) for robbery (Pen. Code, § 211). The

trial court referred the matter to the probation department for a report and recommendation on sentencing, and the court selected July 16, 2007, as the date upon which judgment would be imposed.

Prior to the imposition of judgment, Gray filed two pro se notices of appeal from the purported "judgment of the [Sacramento County Superior Court] rendered against defendant on 6-19-07." One of the notices of appeal was filed on June 22, 2007; the other was filed on June 26, 2007.

On July 5, 2007, prior to the trial court's imposition of judgment, this court dismissed the two notices of appeal as being taken from a nonappealable order. (Pen. Code, § 1237; *People v. Valladoli* (1996) 13 Cal.4th 590, 597 [54 Cal.Rptr.2d 695, 918 P.2d 999] ["a verdict is not a final judgment . . ." from which an appeal may be filed]; 6 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Criminal Appeal, § 46, p. 290 ["[n]o appeal lies from the verdict . . ."].) The orders of dismissal were filed and mailed on July 5, 2007, and the remittitur issued on September 5, 2007.

On July 16, 2007, Gray was sentenced to a term of 15 years to life for the second degree murder conviction, tripled to 45 years to life (Pen. Code, § 667, subd. (e)(2)(A)(i)), plus consecutive terms of five years (Pen. Code, § 667, subd. (a)) and one year (Pen. Code, § 12022, subd. (b)(1)).

Gray was representing himself at sentencing. (*Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525].) When advised of his right to timely file a written notice of appeal from the judgment imposed that day, he asked the court, "Can I file my notice of appeal right now?" The judge responded that Gray could not file the notice of appeal "in this courtroom." (The Web site of the Sacramento County Superior Court specified that a notice of appeal from the judgment in a felony case "must be filed with the Appeals Unit" of the court clerk's office "within 60 calendar days after sentencing," citing Cal. Rules of Court, rule 8.308.)

Gray did not file a written notice of appeal with the appeals unit of the court clerk's office within 60 days of imposition of judgment on July 16, 2007. Instead, on August 28, 2007, he filed, in the United States District Court for the Eastern District of California, a pro se petition for writ of habeas corpus asserting, among other things, that he had been denied his right to appeal from the judgment imposed against him; the court dismissed the petition "for failure to exhaust state remedies."

On December 6, 2007, Gray's "Notice of Motion to Recall Sentence" was denied by the Sacramento County Superior Court.

On February 5, 2008, the California Supreme Court received from Gray a petition for review of this court's order of July 5, 2007, dismissing the notices of appeal he had filed on June 22, 2007, and June 26, 2007. A deputy clerk of the Supreme Court returned to Gray the unfiled petition for review, explaining to him the "last day that a timely petition for review could have been filed was 9-4-2007," and stating that, if Gray "wish[ed] to file a petition for writ of habeas corpus," he must do so on the form that the court provided to him.

On February 15, 2008, Gray sought to file in this Court of Appeal a "petition for writ of review from a denial of [his] direct appeal." The document was returned to him by a deputy clerk of this court, who explained that there are no provisions in the law for the filing of such a document.

On March 4, 2008, a deputy clerk of the California Supreme Court returned to Gray some documents he had sought to file in said court. He was advised that, in order for the court to consider the material, he would have to file a petition for writ of habeas corpus.

At long last on April 22, 2008, Gray filed, in the California Supreme Court, a petition for writ of habeas corpus, asserting that he had been wrongly denied his right to appeal from the judgment imposed on July 16, 2007. After receiving an informal response from the Office of the Attorney General, the Supreme Court issued the following order on January 21, 2009: "The Director of the Department of Corrections and Rehabilitation is ordered to show cause before the Third District Court of Appeal, when the matter is placed on calendar, why the remittitur in case number C056083 should not be recalled, why the trial court did not err by refusing to accept for filing petitioner's notice of appeal at sentencing, and why petitioner should not therefore be allowed to file a belated notice of appeal in the superior court. (See also Calif. Rules of Court, rule 8.308, subd. (c).) The return is to be filed on or before February 20, 2009." We appointed appellate counsel to represent Gray, and on July 20, 2009, his counsel filed a "response to [the People's] return to [the] order to show cause."

## THE REMITTITUR

For good cause, a remittitur may be recalled (Cal. Rules of Court, rule 8.272(c)(2)), but good cause is limited. " 'The recall may not be granted to correct judicial error.' " (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 165 [188 Cal.Rptr. 104, 655 P.2d 306], quoting

*Southwestern Inv. Corp. v. City of L. A.* (1952) 38 Cal.2d 623, 626 [241 P.2d 985].) Other than to correct clerical errors, a remittitur may be recalled only on the ground of fraud, mistake, or inadvertence. (*Pacific Legal Foundation v. California Coastal Com., supra,* 33 Cal.3d at p. 165.) "[A] decision is inadvertent if it is the result of oversight, neglect or accident, as distinguished from judicial error." (*Southwestern Inv. Corp. v. City of L. A., supra,* 38 Cal.2d at p. 626.) "This remedy [recalling the remittitur], though described in procedural terms, is actually an exercise of an extraordinary substantive power . . . ; its significant function is to permit the court to set aside an erroneous judgment on appeal obtained by improper means." (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 847, p. 909.)

At issue here is this court's dismissal of Gray's notices of appeal filed June 22, 2007, and June 26, 2007, which sought to appeal from the "judgment of the [Superior Court] rendered against [him] on 6-19-07." Actually, what Gray characterized as a judgment was only the verdict that the jury returned on June 19, 2007. Judgment had yet to be imposed when Gray filed his notices of appeal.

 It is well settled that "[n]o appeal lies from the verdict . . . ." (6 Witkin & Epstein, Cal. Criminal Law, *supra,* Criminal Appeal, § 46, p. 290, citing *People v. Valladoli, supra,* 13 Cal.4th at p. 597, *People v. Gotham* (1960) 185 Cal.App.2d 47, 50 [8 Cal.Rptr. 20], *People v. Gardner* (1960) 177 Cal.App.2d 43, 45 [1 Cal.Rptr. 830].) This is so because Penal Code section 1237 states in pertinent part: "An appeal may be taken by the defendant [in a criminal case] . . ." only (1) from "a final judgment of conviction," which includes a "sentence, an order granting probation, or the commitment of a defendant for insanity, the indeterminate commitment of a defendant as a mentally disordered sex offender, or the commitment of a defendant for controlled substance addiction," or (2) from "any order made after judgment, affecting the substantial rights of the party." Only after a sentence is imposed following the return of a verdict is there a "final judgment that may be appealed." (*People v. Valladoli, supra,* 13 Cal.4th at p. 597.)

Accordingly, on our own motion, this court correctly dismissed Gray's notices of appeal filed on June 22, 2007, and June 26, 2007, because they sought to appeal from the nonappealable "order" of June 19, 2007, i.e., the verdict returned by the jury. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 [32 Cal.Rptr.2d 275, 876 P.2d 1074] ["The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. A reviewing court must

raise the issue on its own initiative . . . ."]; *Olson v. Cory* (1983) 35 Cal.3d 390, 398 [197 Cal.Rptr. 843, 673 P.2d 720] ["since the question of appealability goes to our jurisdiction, we are dutybound to consider it on our own motion"].)

As our dismissal of the notices of appeal was compelled by law, it was not the product of "clerical error," "fraud," "mistake," "inadvertence," "oversight," "neglect," or "accident" (*Pacific Legal Foundation v. California Coastal Com., supra*, 33 Cal.3d at p. 165) and, therefore, not a traditional basis to recall the remittitur.

And our decision to dismiss for lack of jurisdiction cannot be said to have been "improvident." (See *Pacific Legal Foundation v. California Coastal Com., supra*, 33 Cal.3d at p. 165.) This is not a case where the jurisdictional defect of a premature notice of appeal was discovered after the rendition of judgment, preparation of the record, appointment of appellate counsel, and completion of briefing and, thus, treating the notice of appeal as being from the judgment would promote the conservation of judicial and other resources. (See *American Motorists Ins. Co. v. Cowan* (1982) 127 Cal.App.3d 875, 882–883 [179 Cal.Rptr. 747]; *Marcotte v. Municipal Court* (1976) 64 Cal.App.3d 235, 239 [134 Cal.Rptr. 314]; *Webb v. Webb* (1970) 12 Cal.App.3d 259, 262, fn. 1 [90 Cal.Rptr. 565].) Because the judgment had not been pronounced when we became aware of the jurisdictional defect, we could not have exercised discretion to treat the notices of appeal as premature and deem them to be from the judgment. (See Cal. Rules of Court, rule 8.308(c); see, e.g., *People v. Doolittle* (1972) 23 Cal.App.3d 14, 16, fn. 1 [99 Cal.Rptr. 810], disapproved on another ground in *Stone v. Superior Court* (1982) 31 Cal.3d 503, 518, fn. 8 [183 Cal.Rptr. 647, 646 P.2d 809]; *People v. Richards* (1969) 269 Cal.App.2d 768, 769, fn. 1 [75 Cal.Rptr. 597]; *People v. Sprinkle* (1962) 201 Cal.App.2d 277, 278 [19 Cal.Rptr. 804], disapproved on another ground in *People v. Chacon* (1968) 69 Cal.2d 765, 774 [73 Cal.Rptr. 10, 447 P.2d 106].) This also is not a case where premature notice of appeal was dismissed after the entry of judgment and expiration of the time to appeal from the judgment, thus depriving a party of the ability to file a timely appeal from judgment. (See *Vibert v. Berger* (1966) 64 Cal.2d 65, 67–69 [48 Cal.Rptr. 886, 410 P.2d 390]; *Evola v. Wendt Construction Co.* (1958) 158 Cal.App.2d 658 [323 P.2d 158].) After we dismissed his premature notices of appeal, Gray had ample time to perfect an appeal from the final judgment; in fact, the trial court so advised him after it pronounced judgment on July 16, 2007.

In sum, it was most "provident" for us to dismiss the appeal taken by premature notices of appeal and await the filing of a proper notice of appeal,

thereby obviating the confusion and possible waste of judicial and other resources that could emanate from multiplicity of appeals. Indeed, the dismissal was consistent with this court's published policy not to engage in fictions to create appellate court jurisdiction. (See *Modica v. Merin* (1991) 234 Cal.App.3d 1072 [285 Cal.Rptr. 673].)

Not only did we lack a basis to allow the premature notices of appeal to remain viable, to do so would have been improvident because it would generate costly appointment of counsel and preparation of the appellate record before judgment was entered, when, for all we knew, Gray conceivably could have decided, after sentencing, not to pursue an appeal.

Having eliminated all "traditional[]" premises for recalling the remittitur, we turn to "[m]ore recently" developed applications of the remedy. (See *In re Grunau* (2008) 169 Cal.App.4th 997, 1002–1003 [86 Cal.Rptr.3d 908].)

Recall of the remittitur has been used to remedy ineffective assistance of appellate counsel that caused procedural defaults resulting in disposition of appeals other than on the merits, e.g., dismissals for failure to file appellant's opening brief. (See *In re Serrano* (1995) 10 Cal.4th 447 [41 Cal.Rptr.2d 695, 895 P.2d 936]; *In re Martin* (1962) 58 Cal.2d 13 [ 23 Cal.Rptr. 167, 373 P.2d 103]; *In re Grunau, supra*, 169 Cal.App.4th 997.) Here, however, the appeal was not dismissed for failure to cure a procedural default that was a product of appellate counsel's incompetence; dismissal was predicated upon the absence of appellate jurisdiction.

An "exception" to the rule that a remittitur cannot be recalled to correct an error of law was recognized by California's Supreme Court in *People v. Mutch* (1971) 4 Cal.3d 389 [93 Cal.Rptr. 721, 482 P.2d 633]. "The remedy of recall of the remittitur may . . . be deemed an adjunct to the writ [of habeas corpus], and will be granted when appropriate to implement the defendant's right to habeas corpus" to correct judicial error. (*Id.* at pp. 396–397, citing *In re Mitchell* (1968) 68 Cal.2d 258, 263 [65 Cal.Rptr. 897, 437 P.2d 289]; *People v. Ketchel* (1966) 63 Cal.2d 859, 868 [48 Cal.Rptr. 614, 409 P.2d 694]; *In re Shipp* (1965) 62 Cal.2d 547, 556–557 [43 Cal.Rptr. 3, 399 P.2d 571]; see also *People v. Valenzuela* (1985) 175 Cal.App.3d 381 [222 Cal.Rptr. 405], disapproved on another ground in *People v. Flood* (1998) 18 Cal.4th 470, 480 [76 Cal.Rptr.2d 180, 957 P.2d 869].) This "exception" is inapplicable here because there was no judicial error in dismissal of the appeal for want of jurisdiction, much less a judicial error of constitutional dimension warranting relief by habeas corpus.

In conclusion, our dismissal of the notices of appeal filed on June 22, 2007, and June 26, 2007, was not the product of any clerical error, fraud, mistake, inadvertence, oversight, neglect, accident, improvidence, or judicial error warranting habeas corpus relief. Simply put, there is no "erroneous judgment on appeal obtained by improper means" to set aside. (9 Witkin, Cal. Procedure, *supra*, Appeal, § 847, p. 909.) Thus, there is no valid basis upon which to recall the remittitur, thereby creating the peculiar result of having three separate appeals from the same judgment. Instead, the proper vehicle for relief is habeas corpus, as will be explained.

## HABEAS CORPUS

The California Supreme Court's order directed respondent to show cause "why the trial court did not err by refusing to accept for filing petitioner's notice of appeal at sentencing, and why petitioner should not therefore be allowed to file a belated notice of appeal in the superior court. . . ."

At the sentencing hearing on July 16, 2007, defendant applied for a "stay of execution of judgment pending appeal." He explained: "I filed an appeal. An appeal came back and stated that I can't appeal [apparently referring to this court's order dismissing the two notices of appeal because they were from a nonappealable order.] . . . Well, why I'm not allowed to appeal a murder trial is kind of beyond me. [¶] But, yes, I would like to stay the execution [actually, the imposition of judgment] because of the certain fact I believe I have that right." After recounting the many occasions during the trial when Gray "intentionally violated rulings" of the court, "intentionally made misstatements of fact," and "repeatedly engaged in a disruptive and contemptuous manner," the trial judge denied Gray's request.

Following the pronouncement of sentence, the judge advised Gray of his right to appeal from the judgment by filing "a written notice of appeal with the clerk of this court within 60 days from today's date." Gray then asked, "Can I file my notice of appeal right now?" The judge replied, "You cannot file your notice of appeal in this courtroom." At this point, the judge remanded Gray into custody of the sheriff "to be delivered to the custody of the director of corrections for execution of the judgment."

In denying Gray's request to file a notice of appeal in her courtroom, the trial judge was apparently aware of the Sacramento Superior Court's Web site directive that a notice of appeal should be filed with the appeals unit of the

clerk's office. However, this directive is hortatory only because there is no local rule of court requiring a notice of appeal to be filed with the appeals unit and not in a trial judge's courtroom.

For reasons that follow, Gray should have been permitted to file a notice of appeal with the clerk of the trial judge's courtroom.

■ A notice of appeal in a noncapital felony case is to be filed in the superior court in which judgment was rendered. (Cal. Rules of Court, rule 8.304(a)(1).) " 'A filing of papers is accomplished by depositing with the proper officer at his office or at any place at which he is called upon to perform his duties, the paper which is to be filed.' " (*People v. Maldonado* (2009) 172 Cal.App.4th 89, 96 [90 Cal.Rptr.3d 750], quoting *People v. Ramirez* (1931) 112 Cal.App. 507, 510 [297 P. 51].) Hence, " '[a] paper in a case is said to be filed when it is delivered to the clerk and received by him, to be kept with the papers in the cause. [Citation.] Filing a paper consists in presenting it at the proper office, and leaving it there, deposited with the papers in such office. Indorsing it with the time of filing is not a necessary part of filing. [Citation.] When filed, it is considered an exhibition of it to the court, and the clerk's office in which it is filed represents the court for that purpose. [Citation.]' " (*A & B Metal Products v. MacArthur Properties, Inc.* (1970) 11 Cal.App.3d 642, 647 [89 Cal.Rptr. 873], quoting *Tregambo v. Comanche M. and M. Co.* (1881) 57 Cal. 501, 506.)

■ "The clerk of the superior court shall attend each session of the superior court . . . ." (Gov. Code, § 69841.) "This duty is generally performed by a deputy or courtroom clerk." (2 Witkin, Cal. Procedure, *supra*, Courts, § 360, p. 461, citing *People v. Ramirez, supra*, 112 Cal.App. at p. 510.) Thus, " 'every courtroom in which a deputy county clerk is assigned under the law is just as much a part of the county clerk's office as if the partitions were removed and it was in fact a part of one room.' " (*Andrews v. Metzner* (1927) 83 Cal.App. 764, 770 [257 P. 203], quoting *Keller v. Gerber* (1920) 49 Cal.App. 515, 518 [193 P. 809].) Consequently, years ago it was observed that " 'as a matter of common practice, papers are filed with the clerk in the courtroom or in the judge's chambers, as well as at the principal office of the county clerk.' " (*People v. Hale* (1957) 156 Cal.App.2d 478, 480 [319 P.2d 660], quoting *People v. Ramirez, supra*, 112 Cal.App. at p. 510.)

■ Here, Gray proffered notice of appeal in open court with the court clerk in attendance but was precluded from filing the notice there. This was error. To reiterate, "[t]he judge of a department of the superior court sits as a court, with his or her own clerk. Where a statute or rule requires that papers be filed with the *clerk*, it is not necessary that they be delivered to the clerk's main office; it is sufficient if they are deposited with the courtroom clerk in

the courtroom or chambers." (2 Witkin, Cal. Procedure, *supra*, Courts, § 360, p. 461; see *City of Los Angeles v. Superior Court* (1968) 264 Cal.App.2d 766, 770 [70 Cal.Rptr. 826] [" ' "When this is done, the party is required to do no more, and will not be endangered in any of his rights by the failure of the clerk, in turn, to perform his duty." ' "]; *Hutchins v. County Clerk* (1934) 140 Cal.App. 348, 350 [35 P.2d 563].)

Respondent claims there was no error because the trial judge was following "the established and published procedure of the Sacramento County Superior Court," namely, the statement on the court's Web site: "The Notice of Appeal must be filed with the Appeals Unit before the filing deadline." (<http://www.saccourt.ca.gov/appeals/appeals.aspx> [as of Dec. 2, 2009].) As we have noted, that statement is hortatory only. In the absence of a valid local rule of court, we find no authority for a superior court to adopt such a requirement merely by publishing it on a Web site.

We recognize that "[e]very court may make rules for its own government and the government of its officers not inconsistent with law or with the rules adopted and prescribed by the Judicial Council." (Gov. Code, § 68070, subd. (a).) However, "Code of Civil Procedure section 575.1 prescribes the procedures for enacting and adopting valid local court rules. Any rule proposed by the presiding judge must be submitted for consideration to all the judges of the court. The rule must be published and submitted to local bar associations and others, as specified by the Judicial Council, for consideration and recommendations. Once a majority of the judges have officially adopted the rule, then it must be filed as specified in Government Code section 68071 and as specified in the California Rules of Court. The proposed rule must then be available for public examination and published for general distribution in accordance with the California Rules of Court." (*Hall v. Superior Court* (2005) 133 Cal.App.4th 908, 915 [35 Cal.Rptr.3d 206], fns. omitted.)

In the absence of a properly promulgated local rule of court, the trial judge was not authorized to preclude Gray from filing his notice of appeal with the clerk of her courtroom.[1]

Respondent next contends that Gray is not entitled to relief via habeas corpus because he "made no further efforts to file a notice of appeal in the superior court within the allotted 60 days." The contention fails because, by seeking to file the notice of appeal with the clerk of the trial court, Gray had

---

[1] We express no opinion on the superior court's authority to promulgate such a rule. (See *People v. Smith* (2002) 95 Cal.App.4th 283, 301 [115 Cal.Rptr.2d 483] ["Although courts have 'inherent power to control litigation before them' and can formulate rules of procedure to manage their proceedings, ' "trial judges have no authority to issue courtroom local rules [that] conflict with any statute" or are "inconsistent with law." [Citations.]' "].)

done all he was obliged to do. (See *City of Los Angeles v. Superior Court, supra,* 264 Cal.App.2d at p. 770 [when a party seeks to deliver a document " ' "to [the clerk] at the proper place, and within the proper time[,] . . . the party is required to do no more, and will not be endangered in any of his rights by the failure of the clerk, in turn, to perform his duty" ' "].)

 To the extent respondent appears to claim that Gray did not act with due diligence in seeking relief via a petition for writ of habeas corpus, we reject the claim. As recounted in the introduction of this opinion, Gray immediately and continually sought to effect his right to appellate review of the judgment. That acting pro se, he sought to do so by incorrect means does not constitute the lack of diligence necessary to deny relief on that basis. (See *In re Clark* (1993) 5 Cal.4th 750, 765 [21 Cal.Rptr.2d 509, 855 P.2d 729].)

We therefore shall afford to Gray the opportunity to perfect his appeal by filing, in the superior court, a notice of appeal from the judgment entered on July 16, 2007. This disposition obviates the need for us to consider issues tendered by Gray but not encompassed by the order to show cause issued by the California Supreme Court. (See *People v. Duvall* (1995) 9 Cal.4th 464, 475 [37 Cal.Rptr.2d 259, 886 P.2d 1252], quoting *In re Clark, supra,* 5 Cal.4th at p. 781, fn. 16 [" 'When an order to show cause does issue, it is limited to the claims raised in the petition . . . .' "]; *In re Sassounian* (1995) 9 Cal.4th 535, 547 [37 Cal.Rptr.2d 446, 887 P.2d 527] ["In issuing the order to show cause, the court also makes 'an implicit determination' as to claims *outside the order* that the petitioner has failed to carry his burden of allegation, that is, that he has 'failed to make a prima facie case . . . .' "].)

As we come to the close of our analysis and ruling, we reiterate what we said in the introduction to this opinion. We limit our ruling to a notice of appeal in a criminal case (for which there is no filing fee to be processed) that a defendant seeks to file with the courtroom clerk of the judge who imposes sentence. We do not consider whether a lawyer or litigant can walk into any courtroom and file any motion or other matter with the courtroom clerk.

## DISPOSITION

Let a writ of habeas corpus issue giving Gray the opportunity, within 30 days after the finality of this opinion, to file in the clerk's office of the Sacramento County Superior Court, a notice of appeal from the judgment rendered on July 16, 2007, in *People v. David Gray,* Sacramento County Superior Court case No. 05F09779. If Gray does so, the clerk of the superior court is directed to (1) file the notice of appeal, (2) provide this appellate court with a copy of the notice of appeal, and (3) immediately proceed with

the preparation of the record on appeal. The notice of appeal, if filed within the 30-day period specified above, shall be deemed a timely notice of appeal for all purposes of appellate review. Having served its purpose, the order to show cause is discharged.

Blease, J., and Sims, J., concurred.