Filed 12/3/21  P. v. Gray CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091727 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F09779) |
| v. | |
| DAVID EARL GRAY, | |
| Defendant and Appellant. | |

Defendant David Earl Gray appeals the trial court's denial of his petition for resentencing under Penal Code section 1170.95.[1]  He contends the trial court erred by summarily denying his petition without issuing an order to show cause or holding an evidentiary hearing, and the court erred in relying on the record of conviction to conclude defendant was ineligible for relief under section 1170.95 as a matter of law.  We affirm.

---

[1]  Undesignated statutory references are to the Penal Code.

BACKGROUND

Following a dispute with H.D. over money, defendant searched for H.D. for several days. (*People v. Gray* (Feb. 8, 2013, C064105) [nonpub. opn.] (*Gray II*).) Regarding H.D., defendant told a mutual acquaintance, " 'I want my money' " or " 'I am going to kill him.' " (*Ibid.*) He repeated this threat on multiple occasions and stabbed H.D. to death with a pair of scissors. The acquaintance saw defendant take scissors, hold them over H.D.'s head and say, " ' "I told you I was going to kill you." ' " (*Ibid.*) Additional neighbors saw defendant "sitting on top of [H.D.] stabbing him 'too many' times to count" and saw that H.D. was face down on the ground, trying to escape. (*Ibid.*) Defendant threatened others who attempted to intervene. "An autopsy showed [H.D.] had been stabbed 49 times on his head, chest, arm, back, and eyes." (*Ibid.*) In defense, defendant "claimed he had been attacked a few days or weeks before the stabbing, possibly by [H.D.], and also that he killed [H.D.] in self-defense." (*Ibid.*)

Defendant was charged with murder with malice aforethought. (§ 187, subd. (a).) It was further alleged that defendant had personally used a deadly weapon (i.e., scissors) to commit the murder (§ 12022, subd. (b)(1)), and that he had suffered two prior serious convictions qualifying as strikes (§§ 667, subds. (a), (b)-(i), 1170.12). A jury found him guilty of second degree murder, and he was sentenced to 15 years to life, tripled to 45 years to life for his two prior strikes, plus five years for his serious felony conviction, plus one year for the weapon enhancement. (*In re Gray* (2009) 179 Cal.App.4th 1189, 1193-1194 (*Gray I*); *Gray II, supra*, C064105.)

Defendant subsequently filed a petition for writ of habeas corpus in this court, asserting he had been wrongly denied his right to appeal from the judgment, and this court granted the petition in December 2009. (*Gray I, supra*, 179 Cal.App.4th at pp. 1202-1203.) Defendant then appealed his conviction on multiple grounds, and this court affirmed the judgment in February 2013. (*Gray II, supra*, C064105.)

2

On January 7, 2019, defendant filed a petition for resentencing under section 1170.95. Defendant declared that a complaint was filed against him allowing the prosecution to proceed "under a theory of felony murder or murder under the natural and probable consequences doctrine," that he was convicted of "1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine," and that he "could not now be convicted of 1st or 2nd degree murder." As part of his petition, defendant included a lengthy brief in which he claimed, in part, he was entitled to relief because he had been convicted of second degree murder under the natural and probable consequences doctrine or under the second degree felony-murder doctrine. He added as an exhibit the relevant murder instructions given at his trial: first degree murder, second degree murder, voluntary manslaughter (imperfect self-defense), and homicide in self-defense.

On May 29, 2019, the public defender's office filed a request for notice and an opportunity to be heard after the trial court appointed the public defender to represent defendant. The public defender argued that the trial court's prima facie review was limited to the petition itself and that defendant should be provided notice and opportunity to be heard before the court could deny his petition. The People subsequently filed a motion to dismiss the petition based on defendant's failure to make a prima facie showing of eligibility. The motion contended defendant had failed to establish a prima facie showing of eligibility, and that he had made representations on his petition that were not supported by the record. The motion also contended that, as an actual killer, defendant was not part of the class of offenders eligible for relief under Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437). Defendant filed a pro se reply, arguing that the fact he was the actual killer did not preclude him from obtaining relief because he was convicted of second degree murder under a "natural and probable consequences" theory of "imputed" malice.

3

The trial court issued an order requesting further briefing. In its order, the court noted that defendant had been convicted of second degree murder and that, at trial, the court had "instructed the jury solely on a malice aforethought theory of murder liability, and did not instruct the jury on any form of accomplice liability. As such, there was no jury instruction given on either the felony-murder doctrine or the natural and probable consequences doctrine." The court then indicated that defendant had not been convicted under a felony murder theory or the natural and probable consequences doctrine: "The jury convicted him on the sole theory of malice aforethought murder committed personally by defendant . . . , a theory that survives" Senate Bill 1437, effective January 1, 2019. The court then directed the parties to file special briefing on the issue of whether the petition should be denied or dismissed given the aforementioned circumstances. Following further briefing, the trial court denied defendant's petition for resentencing. The court observed: "The [trial] court instructed the jury <u>solely</u> on a malice aforethought theory of murder liability, and <u>did not instruct</u> the jury on any form of accomplice liability. As such, there was <u>no jury instruction</u> given on either the felony-murder rule or the natural and probable consequences doctrine." In response to defendant's argument that he was entitled to relief "because the jury instructions given on <u>malice aforethought</u> murder based on <u>implied malice</u> contain 'natural and probable consequence' language," the court reasoned that in enacting Senate Bill 1437, the Legislature did not intend to abrogate implied malice aforethought murder. Observing that the changes to the law were limited to accomplice liability under the felony-murder rule or the natural and probable consequences doctrine, the court concluded: "Defendant . . . admits that he is the actual killer. He was not an accomplice to a separate crime, during the commission of which a fellow accomplice committed a different act that caused the death of the victim. He is not eligible for . . . [section] 1170.95 relief."

Defendant filed a timely notice of appeal.

4

DISCUSSION

Defendant contends the trial court erred in summarily denying his petition for resentencing by engaging in factfinding based on his record of conviction, without having issued an order to show cause or holding an evidentiary hearing. He further contends that it was error for the trial court to conclude that an actual killer is ineligible for relief under Senate Bill 1437. We conclude the trial court properly relied on the record of conviction to deny defendant's petition for resentencing and that defendant was ineligible for Senate Bill 1437 relief.

*Legal Background*

Senate Bill 1437, which was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 325, review granted Mar. 18, 2020, S260493 (*Verdugo*); *People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) "Senate Bill No. 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice and by amending section 189 to state that a person can only be liable for felony murder if (1) the 'person was the actual killer'; (2) the person was an aider or abettor in the commission of murder in the first degree; or (3) the 'person was a major participant in the underl[y]ing felony and acted with reckless indifference to human life.' (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, §§ 2, 3.)" (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 57 (*Cornelius*); see *Verdugo*, at p. 326.)

Senate Bill 1437 also added section 1170.95, which permits persons convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder following Senate Bill 1437's changes

5

to sections 188 and 189. (Stats. 2018, ch. 1015, § 4.) Section 1170.95, subdivision (b) requires that the petitioner file a declaration showing his or her eligibility for relief under subdivision (a), the trial court case number and year of the petitioner's conviction, and whether he or she requests the appointment of counsel.

Section 1170.95, subdivision (c) describes the process as follows: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

*Analysis*

Our Supreme Court recently held that it is proper for a trial court to consider the record of conviction in determining whether the petitioner has made a prima facie showing that he or she falls within the provisions of section 1170.95 in *People v. Lewis* (2021) 11 Cal.5th 952, 970-972. The Supreme Court reasoned: "The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process. [Citation.]" (*Id.* at p. 971.) Following *Lewis*, we conclude that the trial court properly considered the record of conviction in concluding that defendant failed to make a prima facie showing.

Here, the trial court relied on the record of conviction, including the jury instructions given, and found defendant ineligible for section 1170.95 relief as a matter of

6

law.  A review of our prior opinion shows that defendant killed the victim by repeatedly stabbing him to death.  (*Gray II, supra*, C064105.)  There was no dispute defendant was the actual killer.  Instead, defendant claimed he acted in self-defense.  (*Ibid.*)  We note, in line with the jury's verdict, defendant's form petition did not state he was not the actual killer.  Also, the trial court correctly concluded the jury was not instructed on a felony-murder theory, the natural and probable consequences doctrine, or on an accomplice liability theory as to defendant.

Because defendant was the actual killer, he does not come within the provisions of the statute.  His novel argument that an actual killer is eligible for relief when they are convicted of second degree murder on a theory of "imputed malice" is not supported by the text of the statute.  Senate Bill 1437 precluded reliance on "imputed malice"—an aider and abettor or accomplice concept—to establish culpability for murder, when it is "based *solely* on [a defendant's] participation in a crime."  (§ 188, subd. (a)(3), italics added.)  This is a clear reference to an accomplice theory of liability, not murder in the second degree based on implied malice by an actual killer.  The inapplicability of the statute to defendant is further clarified by the text's statement that Senate Bill 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Gentile* (2020) 10 Cal.5th 830, 842.)

Defendant cites no authority to support his claim that this section "does not pertain to second degree murder" but only first degree murder.  His interpretation is not supported by the text, which is not limited to first degree murder and explicitly states it is related to "murder" and "murder liability," which necessarily encompasses second degree murder.  (Stats. 2018, ch. 1015, § 1, subd. (f).)

7

The text of Senate Bill 1437 made it clear that section 1170.95 does not offer relief to actual killers, regardless of the theory of guilt, and defendant is not eligible for relief as a matter of law. No further briefing or evidence could aid the trial court in reaching this conclusion.

### DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.


　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　HOCH, J.


We concur:


 /s/
RAYE, P. J.


 /s/
MURRAY, J.