Filed 12/2/22  P. v. Gray CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID EARL GRAY,<br><br>    Defendant and Appellant. | C096490<br><br>(Super. Ct. No. 05F09779) |

Defendant David Earl Gray appeals from an order denying his 2022 postjudgment petition to vacate his murder conviction pursuant to former Penal Code[1] section 1170.95 (now section 1172.6)[2] based upon changes brought about by Senate Bill No. 1437 (2017-

---

[1] Undesignated statutory references are to the Penal Code.

[2] Defendant filed his second petition in January 2022.  Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).  For purposes of clarity and conformity with the petition, we will continue to refer to the statute as former section 1170.95 throughout the opinion.

2018 Reg. Sess.) (Senate Bill 1437). Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) In accordance with *Wende* procedures, defendant has filed a supplemental brief raising various arguments. Having exercised our discretion to review the record in accordance with *Wende* and finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the trial court's order.

BACKGROUND

A detailed recitation of the underlying facts is set forth in our prior opinion affirming defendant's judgment of conviction. (*People v. Gray* (Feb. 8, 2013, C064105) [nonpub. opn.].) In sum, defendant had a dispute with Hai "Tommy" Dinh over money and searched for him for several days. Defendant told a mutual acquaintance, " 'I want my money' " or " 'I am going to kill him.' " (*Ibid*.) He repeated this threat on multiple occasions and later stabbed Dinh to death with a pair of scissors. The acquaintance saw defendant take scissors, hold them over Dinh's head and say, " ' "I told you I was going to kill you." ' " (*Ibid*.) Additional neighbors saw defendant "sitting on top of Dinh stabbing him 'too many' times to count" and saw that Dinh was face down on the ground, trying to escape. (*Ibid*.) Defendant threatened others who attempted to intervene. "An autopsy showed Dinh had been stabbed 49 times on his head, chest, arm, back, and eyes." (*Ibid*.) In defense, defendant "claimed he had been attacked a few days or weeks before the stabbing, possibly by Dinh, and also that he killed Dinh in self-defense." (*Ibid*.)

Defendant was charged with murder with malice aforethought. (§ 187, subd. (a).) It was further alleged that defendant had personally used a deadly weapon (i.e., scissors) to commit the murder (§ 12022, subd. (b)(1)) and that he had suffered two prior serious felony convictions qualifying as strikes (§§ 667, subds. (a), (b)-(i), 1170.12). A jury found him guilty of second degree murder and found true the personal use enhancement. He was sentenced to 15 years to life, tripled to 45 years to life for his two prior strikes,

2

plus five years for his serious felony conviction, plus one year for the weapon enhancement. (*In re Gray* (2009) 179 Cal.App.4th 1189, 1193-1194; *People v. Gray, supra*, C064105.) We affirmed this judgment in an unpublished decision in February 2013. (*People v. Gray*, *supra*, C064105.)

Thereafter, on January 7, 2019, defendant filed his first petition for resentencing under former section 1170.95. Following briefing, the trial court denied defendant's motion highlighting that defendant's jury was not instructed on either felony murder, the natural and probable consequences doctrine, or any other theory of accomplice liability. Rather, defendant was convicted of implied malice murder, and as the admitted actual killer, he was not eligible for relief. We upheld this decision in an unpublished opinion, and the California Supreme Court denied defendant's subsequent petition for review. (*People v. Gray* (Dec. 3, 2021, C091727) [nonpub. opn.], review denied Feb. 16, 2022, S272661.)

In the interim on January 7, 2022, defendant filed another petition for resentencing under former section 1170.95 including a 67-paragraph declaration, which included various legal conclusions to support defendant's ultimate assertion that his status as the actual killer did not preclude his petition for relief. Defendant further attached a Senate Bill analysis and a homicide law presentation purporting to discuss the implications of recent legislative amendments. Defendant sought to represent himself.

The People filed a response on March 2, 2022, arguing: (1) defendant's petition should be denied as successive, including under the doctrine of collateral estoppel; and (2) defendant was ineligible for relief under former section 1170.95 because he was not convicted of murder based on the felony-murder rule, the natural and probable consequences doctrine, or any theory in which malice may be imputed. Rather, the record established as a matter of law that defendant was the actual killer who murdered with malice aforethought. Attached to the People's opposition were the 2020 order

denying defendant's first section 1170.95 petition and this court's 2021 appellate decision upholding that denial.

Defendant filed a reply in pro. per. arguing that malice had been imputed to him solely because of his participation in a mutual combat fight, that by virtue of changes brought about by Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775) his petition was not successive, and that he was now eligible for relief. The public defender, unsure of her appointment status, filed an additional reply arguing statutory clarifications to the prima facie inquiry rendered the petition not successive and that the People's use of facts from previous appellate opinions did not establish his ineligibility for relief. Defendant objected to the public defender's filing, arguing the defender had not been appointed and the court should ignore the filing as an unsolicited amicus curiae brief. Defendant also filed additional briefing in support of his request for an evidentiary hearing, ultimately concluding the implied malice theory had been abolished through its non-inclusion in Senate Bill 1437 and Senate Bill 775.

Without holding a hearing under former section 1170.95, subdivision (c), on June 10, 2022, the trial court issued a written order denying defendant's petition on the ground it was successive. The order began with a procedural history of the case, including the denial of defendant's original section 1170.95 petition because the jury had not been instructed on either felony murder or the natural and probable consequences doctrine and defendant had admitted he was the actual killer. The original denial was upheld on appeal in an opinion that agreed defendant was ineligible for relief as a matter of law. The order continued, reasoning that although former section 1170.95 contained no language expressively forbidding successive petitions, where a defendant's initial petition was denied due to ineligibility as a matter of law and that decision is upheld on appeal, public policy as well as habeas corpus authority supported dismissal of that successive petition. Here, defendant's latest petition presented the same, previously unsuccessful arguments, and there was no intervening change in law that would alter the

4

outcome. Specifically, Senate Bill 775 did nothing to "change murder liability for actual killers or for those convicted of murder with malice aforethought." Accordingly, the court denied the petition.

Defendant timely appealed.

DISCUSSION

I

*Our Review*

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 apply to an appeal from an order denying a postjudgment motion to deny a resentencing petition under former section 1170.95 is an open question. Our Supreme Court is set to resolve the issue in *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted February 17, 2021, S266305.

Nevertheless, in the absence of Supreme Court authority to the contrary, we will adhere to *Wende* in the present case. (Cf. *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, 1034, 1039-1040, review granted Oct. 14, 2020, S264278; *People v. Flores* (2020) 54 Cal.App.5th 266, 273-274; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111-113, review granted May 12, 2021, S267870.)[3] Having conducted our review as required by *Wende*, we discern no prejudicial error because defendant remains ineligible for relief as a matter of law as we shall explain in the next section.

II

*Defendant's Contentions*

Defendant broadly contends the trial court erred in denying his latest petition as successive. He argues: (1) his petition was not successive because it relied upon

---

[3] Having done so, we deny as unnecessary defendant's request to order his attorney to separately brief the issues from his supplemental brief.

legislative changes enacted after his first petition; (2) the prosecution did not refute his prima facie showing; and (3) he is entitled to reversal and remand for further proceedings because malice may be imputed to a defendant acting alone and therefore his actual killer status does not render him ineligible as a matter of law. We disagree.

*Legal Background*

"In 2017, the Legislature adopted a concurrent resolution declaring a need to reform the state's homicide law 'to more equitably sentence offenders in accordance with their involvement in the crime.' [Citation.] The next year, the Legislature followed through with Senate Bill 1437, which made significant changes to the scope of murder liability for those who were neither the actual killers nor intended to kill anyone . . . ." (*People v. Strong* (2022) 13 Cal.5th 698, 707 (*Strong*).) Specifically, Senate Bill 1437 (2017-2018 Reg. Sess.), which became effective January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding former section 1170.95 to the Penal Code.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) This language eliminated the use of the natural and probable consequences doctrine in murder prosecutions but left intact implied malice murder for direct aiders and abettors. (*People v. Gentile* (2020) 10 Cal.5th 830, 838-839, 846-848, 850.)

Moreover, section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or

6

attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven:  [¶] (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.”

Senate Bill 1437 also “added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . .” (*People v. Gentile, supra*, 10 Cal.5th at p. 843.)  Former section 1170.95, subdivisions (b) and (c) create a two-step process for evaluating a petitioner’s eligibility for relief.  (*People v. Lewis* (2021) 11 Cal.5th 952, 960-962 (*Lewis*).)  First, the trial court determines whether the petition is facially sufficient under former section 1170.95, subdivision (b).  (*Lewis*, at p. 960.)  If the petition is facially sufficient, then, the trial court moves on to subdivision (c), appointing counsel (if requested) and following the briefing schedule set out in the statute.  (*Lewis*, at p. 966.) Following the completion of this briefing, the trial court then determines whether the petitioner has made a prima facie showing they are entitled to relief.  (*Ibid*.)

As the Supreme Court explained, “[w]hile the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ‘ “the court takes petitioner’s factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause.” ’ [Citations.]  ‘[A] court should not reject the petitioner’s factual allegations on credibility grounds without first conducting an evidentiary hearing.’  [Citations.]  ‘However, if the record, including

7

the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis, supra*, 11 Cal.5th at p. 971; accord *Strong, supra*, 13 Cal.5th at p. 708 ["If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition"].)

Senate Bill 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, §§ 1-2), which took effect on January 1, 2022, made many amendments to former section 1170.95. The legislative declarations stated the law was intended to: (1) "[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories," (2) "[c]odif[y] the holdings of *People v. Lewis* (2021) 11 Cal.5th 952, 961-970, regarding petitioners' right to counsel and the standard for determining the existence of a prima facie case," (3) "[r]eaffirm[] that the proper burden of proof at a resentencing hearing under this section is proof beyond a reasonable doubt," and (4) "Address[] what evidence a court may consider at a resentencing hearing (clarifying the discussion in *People v. Lewis*, *supra*, at pp. 970-972)." (Stats. 2021, ch. 551, § 1; Cal. Const., art. IV, § 8.)

As relevant to defendant's arguments here, Senate Bill 775 amended former section 1170.95, subdivision (a) to include language affording relief to: "A person convicted of . . . murder under the natural and probable consequences doctrine *or other theory under which malice is imputed to a person based solely on that person's participation in a crime*" under certain specified circumstances. (Former § 1170.95, subd. (a), as amended by Stats. 2021, ch. 551, § 2, new text italicized.) Finally, Senate Bill 775 also amended former section 1170.95 to direct that following briefing, the trial court "shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (Former § 1170.95, subd. (c).)

8

*Application*

Defendant's appeal hinges on whether former section 1170.95 affords relief to actual killers. It does not. It is unassailable that "Senate Bill 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2.' (Pen. Code, § 189, subd. (e)(3); see § 1172.6, subd. (a).)" (*Strong, supra*, 13 Cal.5th at p. 710.) The unavailability of former section 1170.95 relief to *actual killers* has been uniformly upheld by courts of this state. (*Strong*, at p. 710; see, e.g., *People v. Garcia* (2022) 82 Cal.App.5th 956, 972-973; *People v. Harden* (2022) 81 Cal.App.5th 45, 59-60; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 [actual killer convicted of second degree murder ineligible for relief], abrogated on another point in *Lewis, supra*, 11 Cal.5th at pp. 961-962.)

Defendant nonetheless posits that Senate Bill 775's expanded language affording relief to individuals convicted under any "other theory under which malice is imputed to a person based solely on that person's participation in a crime" (former § 1170.95, subd. (a), as amended by Stats. 2021, ch. 551, § 2) has amended the law to afford relief to *actual killers* convicted of second degree murder. We disagree.

Nothing in Senate Bill 775 has extended the relief afforded by former section 1170.95 to *actual killers*. Senate Bill 775's legislative declaration says nothing of providing relief to actual killers. (Stats. 2021, ch. 551, § 1.) Rather, that declaration speaks of expanding eligibility to individuals convicted of attempted murder and manslaughter. (Stats. 2021, ch. 551, § 1, subd. (a).) Further, nothing in the legislative amendments themselves expands eligibility to actual killers.

The new language relied upon by defendant expands eligibility to, "A person convicted of . . . murder under the natural and probable consequences doctrine *or other theory under which malice is imputed to a person based solely on that person's participation in a crime*." (Former § 1170.95, subd. (a), as amended by Stats. 2021, ch.

9

551, § 2, new text italicized.)  However, this "other theory" language does not expand eligibility to actual killers.  Rather, it is an acknowledgment that there could be instances where a jury was not actually instructed on the natural and probable consequence doctrine, but because of ambiguities in the accomplice instructions given, malice may have been imputed based solely upon a defendant's participation in a crime.  (See, e.g., *People v. Langi* (2022) 73 Cal.App.5th 972, 978-984 [merits hearing required where the defendant convicted of second degree murder was one of several individuals who beat the victim leading to his death and the record of conviction did not establish the defendant was the actual killer as a matter of law].)  However, unlike the defendant in *Langi* who acted with others, whose jury was provided ambiguous accomplice liability instructions, and where the record of conviction did not establish that he was the actual killer (*ibid.*), here, defendant is the undisputed sole perpetrator of the murder, and as a result, Senate Bill 775's amendments do not avail him.

Therefore, because the record of conviction establishes that defendant was convicted as the actual killer and not under a theory of accomplice liability as previously determined by the trial court in 2020 and upheld by this court, he remains ineligible for relief as a matter of law.[4]  Accordingly, defendant has not and cannot show he was prejudiced by any possible error in the trial court denying his latest petition as successive prior to holding a prima facie entitlement to relief hearing.  (Former § 1170.95, subd. (c).)

---

[4] Specifically, this court previously determined defendant's "jury was not instructed on a felony-murder theory, the natural and probable consequences doctrine, or on an accomplice liability theory as to defendant."  (*People v. Gray*, *supra*, C091727.)

10

DISPOSITION

The trial court's postjudgment order is affirmed.


　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　BOULWARE EURIE, J.



We concur:



　　　/s/
MAURO, Acting P. J.



　　　/s/
KRAUSE, J.