Filed 12/20/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ADAM WALSWORTH, | C098517 |
| Petitioner, | (Super. Ct. No. 20FE014424) |
| v. | |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING in mandate. Petition granted. James P. Arguelles, Judge.

Adam Walsworth, in pro. per., for Petitioner.

Law Office of Jarvis Fay LLP and Rick W. Jarvis, for Respondent.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie Hokans and Jessica C. Leal, Deputy Attorneys General, for Real Party in Interest.

1

Here we direct respondent court to issue an order granting petitioner Adam Walsworth's motion to dismiss his case. He was denied the statutory right to a speedy trial, and there was no good cause for the undue delay.

We had reversed petitioner's conviction and remanded for a new trial, issuing the remittitur on October 27, 2022. Five days later (November 1, 2022), respondent court clerk received the remittitur in the mail. We hold this is the date the remittitur at issue here was deemed filed pursuant to the California Rules of Court. But nothing substantive was done in respondent court. Thirty-two days after we issued the remittitur (November 28, 2022), petitioner filed an appeal with the California Department of Corrections (CDCR), claiming his sentence was reversed and he should be released to county custody. CDCR denied the claim because respondent court told CDCR no changes had been made to petitioner's conviction. Petitioner's appellate counsel then sent a letter to respondent court inquiring about the status of petitioner's new trial and attaching the remittitur. The sentencing judge received this letter 97 days after we issued the remittitur (on February 1, 2023). The sentencing judge ordered filing of the remittitur on the same day and scheduled an expedited hearing.

Petitioner filed a motion to dismiss. The sentencing judge denied the motion, finding no speedy trial violation because the remittitur was filed by the sentencing court on February 1, 2023, and because petitioner failed to demonstrate actual prejudice.

Petitioner here seeks a writ of mandate to compel respondent court to dismiss his case on the ground that he was not brought to trial within 60 days of the filing of the remittitur. We agree.

FACTUAL AND PROCEDURAL BACKGROUND

In a previous appeal, we reversed petitioner's conviction and remanded the case for a new trial. (*People v. Walsworth* (Aug. 24, 2022, C094272) [nonpub. opn.].) We issued the remittitur on October 27, 2022.

According to respondent court's internal procedures, once it receives a remittitur in the mail, the remittitur is assigned to an appeals clerk at the appeals unit of the clerk's office, who then enters in two different databases the date the remittitur was received and the outcome of the matter. The appeals clerk then places the remittitur in the mailbox for the sentencing judge's department for "filing." A copy of the remittitur is also delivered to an exhibits clerk for record keeping.

Here, an appeals clerk received, signed, and dated the remittitur on November 1, 2022. The appeals clerk recorded the signed remittitur in both databases, noting the judgment was reversed and the sentencing judge's department number. A copy of the remittitur was also delivered to an exhibits clerk, and an acknowledgement of receipt was returned to our court. However, the appeals clerk never delivered the remittitur to the judge's department.

On November 28, 2022, petitioner filed an appeal with CDCR claiming that his sentence was reversed, that his matter was remanded for a new trial, and that he should be released to county custody. CDCR denied petitioner's claim on January 10, 2023, stating: "We contacted [respondent court] and they stated no changes have been made to your conviction since June 11, 2021. We then contacted the District Attorney's [] office in which they said there is currently no future court dates pending. It appears you filed your appeal and they agreed, but the court determines your sentence. We have not received any legal documents from the court to change your current sentence."

The sentencing judge received a letter from petitioner's appellate counsel on February 1, 2023, inquiring about the status of petitioner's new trial and attaching the remittitur. The judge ordered filing of the remittitur and scheduled an expedited hearing.

Petitioner filed a motion to dismiss for violation of Penal Code section 1382 (further undesignated statutory references are to the Penal Code) in early March 2022. Respondent court denied the motion, finding that the 60-day speedy trial period under section 1382 had not passed because the remittitur was filed on February 1, 2023. It also

found no violation of petitioner's constitutional right to a speedy trial because he failed to demonstrate actual prejudice.

Petitioner filed a petition for writ of mandate.

DISCUSSION

The People contend that there was no violation of section 1382 because the remittitur was not filed until February 1, 2023. We disagree and conclude that the remittitur was filed as relevant here on November 1, 2022, when it was received by the appeals clerk. Because petitioner was not brought to trial before December 31, 2022, and no good cause is shown, dismissal is required under section 1382.

Section 1382, subdivision (a)(2) provides in pertinent part: "The court, unless good cause to the contrary is shown, shall order the action to be dismissed . . . [i]n a felony case, when a defendant is not brought to trial within 60 days . . . after the filing of the remittitur in the trial court." "In these circumstances the defendant is not required to make any further showing, and in particular he is not required to make an affirmative showing that he has been prejudiced by the delay." (*Sykes v. Superior Court of Orange County* (1973) 9 Cal.3d 83, 89.)

The statute does not define "filing." But California Rules of Court, rule 1.20 deems a document filed "on the date it is received by the court clerk" "[u]nless otherwise provided." It is also a long standing principle of California law that " '[a] filing of papers is accomplished by depositing with the proper officer at his [or her] office or at any place at which he [or she] is called upon to perform his [or her] duties, the paper which is to be filed.' " (*People v. Maldonado* (2009) 172 Cal.App.4th 89, 96, quoting *People v. Ramirez* (1931) 112 Cal.App. 507, 510; see *People v. Boggess* (1924) 194 Cal. 212, 219 ["A final filing may consist of the mere physical act of the person leaving a paper at the proper office with the person in charge thereof to be filed"].) We presume that, when the Legislature last amended section 1382 in 2009, it chose to employ the word "filing"

4

knowing judicial decisions interpreting that word. (*People v. Cruz* (1996) 13 Cal.4th 764, 775; Stats. 2009, ch. 424, § 1.)

Moreover, " '[w]here a statute or rule requires that papers be filed with the *clerk*, it is not necessary that they be delivered to the clerk's main office; it is sufficient if they are deposited with the courtroom clerk in the courtroom or chambers.' " (*In re Gray* (2009) 179 Cal.App.4th 1189, 1200-1201.) In *Gray*, the trial judge denied the defendant's request to file his notice of appeal with her courtroom clerk, apparently relying on a statement on the trial court's website requiring a notice of appeal be filed with the appeals unit. (*Id.* at pp. 1199-1200.) We concluded the trial judge erred, noting that " ' "as a matter of common practice, papers are filed with the clerk in the courtroom or in the judge's chambers, as well as at the principal office of the county clerk." ' " (*Id.* at p. 1200.) If a trial court wishes to require filing with only the judge's department or the appeals unit, it must state the requirement in properly promulgated local rule of court. (*Ibid.*)

Here, section 1382 requires the remittitur be filed with the trial court, meaning the court in the county in which the trial was conducted, and the California Rules of Court deem a filing effective when it is received by the court clerk. Respondent court's local rules have no specific filing requirements for a remittitur. Although respondent court's internal procedures direct the sentencing judge's department to file the remittitur, such procedures are not properly promulgated local rules and are not known to the public. Thus, respondent court lacks authority to require filing of the remittitur with the judge's department. (*In re Gray, supra,* 179 Cal.App.4th at p. 1201.) Accordingly, the filing of the remittitur occurred on November 1, 2022, when it was received by the appeals clerk.

5

(Cal. Rules of Court, rule 1.20.) Section 1382 was violated when petitioner was not brought to trial before December 31, 2022, the 60th day after the filing of the remittitur.[1]

The People's reliance on *Gallenkamp v. Superior Court* (1990) 221 Cal.App.3d 1 is misplaced. *Gallenkamp* considered a number of consolidated cases where the superior court delayed either issuing a remittitur or transmitting the remittitur to the municipal court. (*Id.* at pp. 6-7, 11.) None of the cases disputed when the filing occurred in the municipal court. (*Ibid.*) We agree with *Gallenkamp* that section 1382 "directs us to mark time from the filing of the remittitur in the trial court, not from when the remittitur should have been filed." (*Gallenkamp*, at p. 16.) But we must still decide when a filing becomes effective under section 1382.

The People provide no explanation of good cause for the delay, and we find none. "We can attribute the failure to take timely action in the instant case only to carelessness or negligence on the part of those officially concerned. Good cause for the undue delay has thus not been established." (*Sykes v. Superior Court of Orange County, supra*, 9 Cal.3d at p. 94.) "The risk of clerical error or neglect on the part of those charged with official action must rest with the People, not the defendant in a criminal action." (*Ibid.*) We cannot deny petitioner's statutory right based on an internal procedural technicality undisclosed to him or the public. Absent good cause, petitioner's case must be dismissed due to violation of section 1382. (*Plezbert v. Superior Court* (1971) 22 Cal.App.3d 169, 171-172.)

---

[1] The People contended during oral argument that the remittitur was not filed when it remained in the mailroom. We need not address this argument because the remittitur here had been transferred out of the mailroom and received by respondent court's appeals clerk and exhibits clerk.

## DISPOSITION

Let a peremptory writ of mandate issue, vacating respondent court's order denying petitioner's motion to dismiss and directing respondent court to issue a new order granting the motion.

/s/  
MESIWALA, J.

We concur:

/s/  
MAURO, Acting P. J.

/s/  
DUARTE, J.